**Aaron H. E. ROBERTS,**
**Plaintiff-Appellant,**

v.

**REHOBOTH PHARMACY, INC. and Dr.**
**James H. Litton, Defendants-Appellees.**

No. 77-3077
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

June 8, 1978.

Mike Eidson, Ca/k/a Lewis S. Eidson, Jr.), Miami, Fla., for plaintiff-appellant.

Sidney F. Wheeler, Atlanta, Ga., for Rehoboth Pharmacy, Inc.

John M. Hudgins, IV, T. M. Smith, Jr., Robert G. Tanner, Atlanta, Ga., for Dr. Litton.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Plaintiff, Aaron H. E. Roberts filed a medical malpractice claim in the United States District Court for the Northern District of Georgia, Atlanta Division, based on diversity jurisdiction. Plaintiff is a Florida citizen and resides in Miami.

The allegations are against a doctor who prescribed certain medication for plaintiff, and against the pharmacy that prepared the prescription for the plaintiff's medicine. The case had progressed sporadically through discovery stages due largely to three substitutions in legal counsel for plaintiff.

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

The suit commenced in September 1975. Shortly thereafter counsel for plaintiff requested and was granted permission to withdraw. In February, 1976, plaintiff retained second counsel to represent him in this suit. Approximately one year later, this second counsel petitioned the court to withdraw from the case and sent plaintiff a letter informing him of his intention to do so. On March 23, 1977, the district court permitted second counsel to withdraw and ordered plaintiff to have substitute counsel file a notice of appearance within ten (10) days or suffer dismissal of the action. Prior to the issuance of the latter order, plaintiff had sent a handwritten letter to the court (dated March 3, 1977) acknowledging the impending withdrawal of second counsel. The letter further indicated the name of new counsel to represent plaintiff and requested additional time to review his claim with new counsel and to file formal notice of appearance. Nevertheless, the case was dismissed by an order of the district court issued on April 29, 1977 for failure of plaintiff to comply with the court's previous order of March 23rd. Entry of final judgment on the dismissal order was not made until November 8, 1977 "nunc pro tunc to April 29, 1977". Meanwhile, plaintiff moved to vacate the dismissal order pursuant to Fed.R.Civ.P. 60(b). The district court denied plaintiff's Rule 60(b) motion on August 30, 1977. This appeal challenges both the district court's dismissal and denial of plaintiff's motion to vacate. We have reviewed the record and find that the district court abused its discretion in denying the motion to vacate. We remand to the district court to enter an order granting plaintiff's motion to vacate the district court's order of dismissal.

## MOTION TO VACATE

■ Rule 60(b) of the Federal Rules of Civil Procedure provides:

(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . The motion shall be made within a reasonable time, and for [reason] (1) . . . not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C. § 1655, or to set aside a judgment for fraud upon the court.

Application of this rule is based upon the equitable principle of promoting the interests of justice

by allowing parties their day in court even though some technical error has occurred which would otherwise be grounds for default or dismissal . . .

[T]his Court has noted that it should be given a liberal construction [Citation omitted]. It is generally held that even where there may be evidence in the record which would call for dismissal, any doubt should be resolved in favor of a trial on the merits. [Citations omitted].

*Greater Baton Rouge Golf Association v. Recreation and Park Commission,* 507 F.2d 227, 228–229 (5th Cir. 1975). Deciding a motion to vacate filed under Rule 60(b) is directed to the sound discretion of the district court and this Court will not disturb the ruling unless there was an abuse of discretion. *Edwards v. Joyner,* 566 F.2d 960, 961–962 (5th Cir. 1978); *First Wisconsin National Bank of Milwaukee v. Grandlich Development Corp.,* 565 F.2d 879, 880 (5th Cir. 1978). We find there was an abuse of discretion in this case.

■ Plaintiff, through his counsel, alleges mistake as the reason for noncompliance with the district court's order of March 23, 1977. This Court cannot ignore the practical realities of plaintiff's situation. Plaintiff had already communicated to the dis-

trict court by letter on or about March 3, 1977, that he was in the process of obtaining counsel in Miami to represent him in the Atlanta case and that he needed an extension of time. The district court's order requiring plaintiff to substitute counsel or suffer dismissal was issued twenty days after plaintiff informed the court of his retention of counsel. It appears that plaintiff had good reason to believe, however mistakenly, that he had in fact complied with the court's request. Plaintiff's second letter to the district court expressing his shock and dismay at the notice of dismissal tends to confirm a misunderstanding of the import of the court's March 23 order.

Plaintiff, who was acting *pro se* at the time of these events, failed to comply through a misunderstanding of the court's March 23 order. Denial of his motion to vacate the order of dismissal works too severe an injustice upon plaintiff who is now effectively barred from a hearing on the merits of his case because the applicable Statute of Limitations has run.[1] We, therefore, reverse the denial of Rule 60(b) relief and direct that the case be reinstated.

The timeliness or prematurity of plaintiff's appeal from the order of dismissal raises a threshold question of this court's jurisdiction. It is probable the Supreme Courts' recent decision in *Bankers Trust Co. v. Mallis*, —— U.S. ——, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978), would control at least part of the resolution of this question. However, we pretermit discussion of this issue and a detailed consideration of *Mallis* at this time because plaintiff perfected and we considered the timely appeal from the district court's denial of the Rule 60(b) motion.

REVERSED and REMANDED with directions.

---

1. The district court cites two cases, *Beshear v. Weinzapfel*, 474 F.2d 127, 132–33 (7th Cir. 1973) and *Moldwood Corp. v. Stutts*, 410 F.2d 351, 352 (5th Cir. 1969), for the proposition that plaintiff must show the existence of a meritorious claim or defense, in addition to mistakes, inadvertence, or any other excuse enumerated in Rule 60(b). *Moldwood* only states that a recitation of facts is required to show a meritorious defense existed where a default judgment was entered against a party. In this instance, there is no contention surrounding the plaintiff stating a claim upon which relief can be granted if his proof ultimately supports his allegations.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.