**Russell BLOIS, in his own behalf and in behalf of all others similarly situated, Plaintiff-Appellant,**

**v.**

**Elmer O. FRIDAY, Chairman, Florida Industrial Relations Commission, et al., Defendants-Appellees.**

**No. 79–2753**

**Summary Calendar.\***

United States Court of Appeals, Fifth Circuit.

Feb. 28, 1980.

---

**7.** Although *Youghiogheny* predated *Barlow's*, we believe its reasoning is still valid.

\* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Stephen J. Press, Legal Aid Service of Broward Co., Inc., Fort Lauderdale, Fla., for plaintiff-appellant.

Dan F. Turnbull, Jr., Tallahassee, Fla., for Elmer O. Friday and Baxter Swing.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Circuit Judges.

PER CURIAM:

Plaintiff Russell Blois appeals the district court's denial of his motion for rehearing that requested relief from the final entry of a default summary judgment. On April 23, 1979, plaintiff filed this motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The grant or denial of motions to vacate judgments under Rule 60(b) are within the sound discretion of the district court, and we will reverse only upon a showing of abuse of this discretion. *Roberts v. Rehoboth Pharmacy, Inc.*, 574 F.2d 846, 847 (5th Cir. 1978). Since we find such abuse in this case, we reverse and remand to the District Court for the Southern District of Florida to enter an order granting plaintiff's Rule 60(b) motion. On appeal, plaintiff has also made a motion to supplement the appellate record with two affidavits of his counsel that concern the events leading up to the entry of default summary judgment. The affidavits show that plaintiff's counsel had personal knowledge of the facts set forth as the basis for relief in plaintiff's Rule 60(b) motion. The motion is unopposed and is granted.

Plaintiff Russell Blois sustained an injury in an industrial accident at his place of employment. He received Florida workmen's compensation benefits for three months before his employer's insurance carrier suspended his benefits without first providing plaintiff either notice or an opportunity for a hearing. The employer's insurance carrier subsequently reinstated plaintiff's benefits, but the appellate record as supplemented reveals that these benefits have again been suspended effective May 25, 1979.

On October 17, 1978, plaintiff filed suit against the present appellees. In his complaint, he alleged several violations of his constitutional and statutory rights. These allegations included an assertion that the appellees deprived plaintiff of his due process rights under the Fourteenth Amendment to notice and a hearing prior to the termination of his workmen's compensation benefits. 42 U.S.C.A. § 1983 (1979). He sought to maintain this suit as a class action for the class of all persons who have received or will receive Florida workmen's compensation benefits and who have had or will have such benefits terminated or suspended without prior notice or a hearing. Prior to its entry of the default summary judgment, the district court had not ruled upon plaintiff's request to certify a class.

As grounds for relief, plaintiff asserted the inadvertence or mistake of his attorney in failing to file with the district court a notice of his change of address. The defendants-appellees' motion for summary judgment was filed on March 26, 1979, and a copy of that motion was mailed on March 22, 1979, to the old address of plaintiff's attorney. Plaintiff's attorney did not receive a copy of the motion until after the time to file an answer had passed, and on April 9, 1979, the district court entered an order granting defendants a default summary judgment. The district court granted the motion under Local Rule 10(J)(1) of the Southern District of Florida. That rule authorized the district court to enter a default summary judgment upon the plaintiff's failure to file an answer within ten days.

Plaintiff's attorney, however, did not know that the motion was filed or that the time to respond had lapsed. In fact, his attorney was unaware of the defendants' motion for summary judgment or of the district court's order granting the motion until he telephoned the defendants' attorney on April 19, 1979, to discuss a pretrial conference in the case scheduled for April 20, 1979. Plaintiff's attorney had even recently prepared a motion for summary judgment on plaintiff's behalf. Plaintiff's cross-motion for summary judgment and a supporting memorandum were filed with the district court on April 23, 1979. Plaintiff's Rule 60(b) motion was also filed on April 23, 1979, within five days of the telephone call in which his attorney first became aware of the defendants' motion for summary judgment and the district court's order. This motion was timely under Rule 60(b), which provides that motions to vacate on the basis of inadvertence or mistake shall be made within a reasonable time not to extend beyond one year after judgment. The district court denied plaintiff's 60(b) motion on May 15, 1979. In this order, the district court noted "that plaintiff has knowledge [of] the retroactive reinstatement of workmen's compensation benefits due him."

Plaintiff's Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims. The countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice. *Roberts v. Rehoboth Pharmacy, Inc.*, supra, 574 F.2d at 847–48; *Fackelman v. Bell*, 564 F.2d 734, 735–36 (5th Cir. 1977). The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct. *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974).

The appellate record and the parties' briefs in this case indicate no prejudice from the short delay in filing plaintiff's cross-motion for summary judgment and the accompanying memorandum in response to the defendants' motion for summary judgment. The events leading up to this failure by plaintiff's attorney to file a timely answer also do not show any willful misconduct or other extreme or unusual circumstances. *Hassenflu v. Pyke*, supra, 491 F.2d at 1095 and n. 3. Plaintiff's attorney merely neglected to file a notice of his change of address with the district court. This neglect, and the untimely forwarding of the copy of the defendants' motion for summary judgment from the old address of plaintiff's attorney combined to deprive plaintiff of a judicial decision on the merits. We do not condone the neglect of plaintiff's counsel. The plaintiff, however, should not have to pay with the loss of his cause of action for his attorney's minor mistake without clear proof of serious misconduct and prejudice. Neither exists in this case.

Thus, the district court abused its discretion by refusing to vacate its final entry of default summary judgment. On remand, the parties will have an opportunity to present to the district court in the first instance their arguments on the merits on both the issue that plaintiff's claim is moot

and on plaintiff's allegation that he was unconstitutionally denied his due process rights to pre-termination notice and hearing. See *Sosna v. Iowa*, 419 U.S. 393, 402, n. 12, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975); *Dillard v. Industrial Commission of Virginia*, 416 U.S. 783, 784, 94 S.Ct. 2028, 40 L.Ed.2d 540 (1974).

REVERSED AND REMANDED.