In the Matter of COTT CORPORATION, Debtor.

COTT CORPORATION, Plaintiff,

v.

W. F. FUNKE DAIRY SUPPLIES, INC., Defendant.

Bankruptcy No. 2–80–00657.
Adv. No. 2–81–0367.

United States Bankruptcy Court,
D. Connecticut.

Jan. 8, 1981.

Elliot Solomon of Hebb & Gitlin, P. C., Hartford, Conn., for debtor.

Robert U. Sattin of Rosenberg, Rome, Barnett, Sattin & Santos, P. C., Hartford, Conn., for plaintiff.

## MEMORANDUM AND ORDER

ROBERT L. KRECHEVSKY, Bankruptcy Judge.

The question before me is whether a defendant has established cause pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure for the granting of relief from a final judgment of default rendered against it.

### I.

Cott Corporation (Cott), a nationwide wholesale supplier of beverages, filed a voluntary chapter 11 petition on June 24, 1980. On or about February 6, 1981, Cott ceased operating its business and shortly thereafter sold, with court approval, a major portion of its assets. Between January 28, 1981 and February 4, 1981, Cott had sold its products to Funke Dairy Supplies, Inc., located in Cincinnati, Ohio (Funke), for which it billed Funke the sum of $7,669.75. Funke failed to make payment of Cott's invoices and Cott, on June 30, 1981, commenced an action in this court against Funke. A summons and complaint together with a notice of a pre-trial conference were duly served by mail on Funke on or about July 3, 1981. When these documents were received, Funke delivered them to Frederick L. Benadum, its attorney for the prior seven years. The pre-trial conference took place as noticed on August 10, 1981 at 10:30 a. m. at the United States Bankruptcy Court at Hartford, Connecticut. Only counsel for Cott appeared. A notice of trial next issued from the court on August 10, 1981, pursuant to which Funke was notified that a trial of the Cott complaint was scheduled for August 25, 1981 at 2:00 p. m. Funke, upon receipt of this trial notice, immediately turned it over to Attorney Benadum for handling. On the scheduled trial date, Cott appeared to prosecute the action, but Funke

failed to appear and it had not previously filed any pleadings. At the request of Cott, and after receiving testimony from an officer of Cott, the court entered a judgment by default against Funke in the amount of $7,669.75 plus costs of $60.00. A copy of this default judgment was mailed to Funke and received by it on or about September 3, 1981. Funke thereupon retained new counsel in Cincinnati who, on September 30, 1981, filed the present motion to set aside the default judgment.[1] With this motion, Funke filed one affidavit, that of its office manager, Galen Ryan. The affidavit, after reciting the foregoing facts as to Funke's receipt of the various court documents and their disposition, further alleges that Funke has sustained monetary damages by reason of Cott going out of business in February of 1981. Funke has offered a proposed pleading to the Cott complaint, the main thrust of which is to set forth a counterclaim alleging damages sustained due to Cott's failure to remain in business and fulfill its contract, or to deal in good faith with Funke. At oral argument on the instant motion, counsel for Funke conceded that there is no dispute as to the sums claimed by Cott in its complaint.

## II.

There is no contention that Cott failed to proceed in accordance with the provisions of Bankruptcy Rule 755 with reference to the entry of the default judgment against Funke. Bankruptcy Rule 755(b) provides that such judgments may be set aside in accordance with Bankruptcy Rule 924. That rule, with exceptions not relevant to this matter, incorporates Rule 60 of the Federal Rules of Civil Procedure. Fed.R. Civ.P. 60(b)(1) provides that a court may relieve a party from a final judgment for reasons of mistake, inadvertence, surprise or excusable neglect. Funke argues that there has been mistake, inadvertence and neglect, all of which are attributable to Attorney Benadum and which should not be imputed to Funke. Funke also argues that its motion to set aside the default was made promptly, that Cott would not be prejudiced if it were granted, that there is a judicial policy of hearing matters on their merits if at all possible, and that even though no notice is required by Bankruptcy Rule 755 prior to the entry of a default judgment, such notice, in fairness, should have been given in this proceeding. Cott claims that under FRCP 60(b)(1), a party must not only demonstrate the justifiable grounds of mistake, inadvertence or excusable neglect, but must also demonstrate the existence of a meritorious defense. *In re Stone*, 588 F.2d 1316 (10th Cir. 1978). Cott contends that Funke has failed to make either of the required showings and that its motion should, therefore, be denied.

## III.

With regard to the issue of whether Funke has proven mistake, inadvertence or excusable neglect, the court, as noted, has not been furnished with any information as to why Attorney Benadum did not contest Cott's complaint. Neither Attorney Benadum nor any of Funke's present attorneys has filed an affidavit to cast light on the circumstances surrounding Benadum's failure to act. There has been no showing of anything that would justify the neglect of Benadum. There is abundant current authority, in this circuit as well as elsewhere, that on the record made by Funke, courts do not grant relief from a default judgment.

> This circuit has rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload.

*United States v. Cirami*, 535 F.2d 736, 739 (2d Cir. 1976). *See also Ben Sager Chemicals Int'l, Inc. v. E. Targosz & Co.*, 560 F.2d 805 (7th Cir. 1977). Both the *Cirami* and *Ben Sager* courts emphasized that where parties are claiming that a default judgment had been entered as a result of attorney neglect, affidavits should be furnished

---

1. The motion has been argued by Hartford counsel for Funke.

containing reasons why the attorney neglected to comply with either the rules of the court or to otherwise properly defend the litigation. Both courts also point out that ignorance or carelessness on the part of the attorney will not provide grounds for relief under Fed.R.Civ.P. 60(b)(1) quoting Mr. Justice Harland in *Link v. Wabash R.R.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734, 740 (1962):

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney."

(citation omitted). Funke relies primarily upon *Blois v. Friday*, 612 F.2d 938 (5th Cir. 1980) where a default judgment against a plaintiff was vacated when it appeared that notice of a motion for judgment was untimely forwarded to the plaintiff's attorney due to the attorney having changed his address. In this, as in other cases cited by Funke, the court was presented with the reasons for the attorney inaction. As noted, this is not the situation here. Funke has not sustained its burden of proving the claimed mistake, inadvertence or excusable neglect. *American & Foreign Ins. Ass'n v. Commercial Ins. Co.*, 575 F.2d 980, 983 (1st Cir. 1978).

In view of this conclusion, there is no need to reach the issue of whether Funke's counterclaim can constitute a meritorious defense to Cott's claim.

Funke's motion to set aside the default judgment must be, and hereby is, denied.