**In re Carl Esmond SCOTT, Debtor.**

**GENERAL ELECTRIC CREDIT CORPORATION, Plaintiff,**

v.

**Carl Esmond SCOTT, Defendant.**

Bankruptcy No. 81–00362–2.
Adv. Nos. 81–1328–2, 81–0550–W–2.

United States Bankruptcy Court,
W. D. Missouri.

Feb. 8, 1982.

---

David Koester, Kansas City, Mo., for defendant.

Bruce E. Strauss, Kansas City, Mo., for plaintiff.

## MEMORANDUM OPINION AND ORDER

JOEL PELOFSKY, Bankruptcy Judge.

Carl Edmond Scott filed a case under Chapter 13 of the Code on February 4, 1981. The plan was never confirmed and on March 23, 1981, Scott filed an Application to Convert to a liquidation under Chapter 7 for the reason that he could not "financially comply with the requirements of his Chapter 13 plan." The Order granting the Application to Convert was entered on April 4, 1981. Scott was discharged on June 9, 1981.

On the same day that Scott filed his Application to Convert, he filed a Complaint to Avoid a Lien held by GECC in various items of furniture. Service was made by ordinary mail as authorized by Rule 704(c)(3), Rules of Bankruptcy Procedure. No answer was made and a default judgment entered on April 14, 1981.

On July 20, 1981, the creditor filed a Complaint to Lift the Stay alleging that it had a purchase money security interest in the property held by debtors. Debtor answered, saying that creditor had ample opportunity to defend the lien avoidance and that this action was barred by equitable considerations. A hearing on the Complaint was held at which the parties appeared by counsel. The matter was taken under advisement.

██ The security agreement signed by debtors provides, in part, that "Seller shall retain a purchase money security interest in the merchandise purchased by Buyer in accordance with the terms hereof until the indebtedness corresponding to that merchandise is paid in full." The agreement, therefore, avoids the problem associated with many instruments where successive purchases cause the purchase money character of the interest to be lost. Here, although there were several purchases over the course of time, creditor retains a purchase money security interest in the furniture.

In light of that conclusion, the lien cannot be avoided. But the nature of creditor's interest was not raised in the lien avoidance proceeding. Can that issue be raised at this time, in light of the default judgment? That judgment was final prior to the filing of this Complaint to Lift the Stay. Rules 802 and 803, Rules of Bankruptcy Procedure.

Rule 755(b), Rules of Bankruptcy Procedure, authorizes the Court "for good cause shown ... [to] set aside a judgment by default in accordance with Rule 924." That Rule refers to Rule 60 of the Federal Rules of Civil Procedure which provides, in part, that:

"(b) On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons:

(1) mistake, inadvertance, surprise or excusable neglect;

. . . . .

(4) the judgment is void;

. . . . .

(6) any other reason justifying relief from the operation of the judgment."

The Court takes creditor's complaint and the subsequent argument as, inter alia, a motion to set aside the default judgment. It is filed, as required by Rule 60(b), within a reasonable time after the judgment was entered.

 Creditor argues that it is entitled to relief because service was not made upon it at its correct address. In the schedules and in his Complaint to Avoid a Lien, debtor notified the creditor at the post office address where payments were made. The notice of first meeting and instruction to file claims was mailed to all creditors on February 5, 1981. Creditor filed its claim on March 11, 1981 and recites that it is a purchase money security interest. The claim is filed with a copy of the security agreement, payment records and purchase invoices. The claim notes a new address but there is no evidence that debtor was notified of the new address.

Creditor does not contend that it was not served a copy of the complaint to avoid lien but rather that it was not received by representatives who could make a timely response. The address in the schedules does serve to get notice to the creditor. It may not be the most appropriate address for bankruptcy related matters but it is an address of the creditor. There is no evidence that debtor knew of another. Creditor made no response in the lien avoidance proceeding, not even a late one, but filed a separate proceeding almost four (4) months after the lien avoidance was filed.

The explanation offered by creditor does not rise to the level of excusable neglect. The liberal construction of Rule 60(b) "is usually reserved for instances where error is due to failure of attorneys or other agents to act on behalf of their clients, not where the client's own internal procedures are at fault." *Greenspun v. Bogan,* 492 F.2d 375, 382 (1st Cir. 1974).

But "Rule 60(b) is addressed to the sound discretion of the trial judge.... It provides for extraordinary relief which may be granted upon an adequate showing of exceptional circumstances." *Horace v. St. Louis Southwestern Railroad Co.,* 489 F.2d 632, 633 (8th Cir. 1974). "On a motion to set aside a default ... the moving party must show that he has a meritorious defense." *Wokan v. Alladin Int., Inc.,* 485 F.2d 1232, 1234 (3rd Cir. 1973).

At the time the default judgment was entered, there were documents filed with the Court, although not in the adversary, demonstrating as a matter of law that debtor was not entitled to a judgment to avoid the lien. The Court is not obliged to search out defenses where the party defending has not raised any defense. But neither is a party entitled to have the benefit of a judgment which, as a matter of law, he cannot have if the defense is raised in some fashion. Here, the action objecting to the default judgment was taken in a timely fashion and the defense is meritorious.

The default judgment of April 14, 1981, avoiding the lien in Case Number 81–0550–W–2, is set aside. Debtor is granted to February 16, 1982, to file an Amended Complaint to Redeem the Security. Creditor has ten (10) days thereafter to file an Answer, to include a Counterclaim for Lift of the Stay. Upon the failure of debtor to file the Amended Complaint, the Court will enter an Order Lifting the Stay.