### In re CANDOR DIAMOND CORP., Debtor.

### JOHN P. MAGUIRE & CO., INC., Plaintiff,

### v.

### Jeffrey SAPIR, Interim Trustee of Candor Diamond Corp., Debtor, Madeleine Margolies and Scarsdale National Bank and Trust Company, Defendants.

### Bankruptcy No. 81 B 11594 (EJR). Adv. No. 81–5713–A.

United States Bankruptcy Court, S. D. New York.

June 11, 1982.

---

Hahn & Hessen, New York City, for John P. Maguire & Co., Inc.

Neale & Wilson & Gardella, Scarsdale, N. Y., for Scarsdale Nat. Bank and Trust Co.

Schnapper & Isaacson, New York City, for Madeleine Margolies.

Stroock & Stroock & Lavan, New York City, for Daniel McColley, trustee in bankruptcy.

EDWARD J. RYAN, Bankruptcy Judge.

Defendant, Madeleine Margolies, ("Margolies") having moved, by notice of motion dated December 4, 1981, for an order vacating her default in answering the complaint herein and plaintiff, John P. Maguire & Co., Inc. ("Maguire"), having cross-moved, by notice of cross-motion dated December 22, 1981, for an order pursuant to Bankruptcy Rule 755(a), directing entry of a judgment by default against Margolies on the ground that an answer or motion addressed to the complaint was not timely served, and the motion and cross-motion having come on for a hearing before the Court on January 18, 1982, the Court does hereby find the following facts:

## FINDINGS OF FACT

1. Maguire was and still is a corporation existing under the laws of the State of New York with its principal place of business in New York, New York. (Complaint, para. 2)

2. Margolies is an individual residing at 6 Hadden Road, Scarsdale, New York. (Affidavit of Margolies, sworn to November 3, 1981)

3. An involuntary petition was filed by Maguire against Candor under 11 U.S.C. § 303 in the United States Bankruptcy Court for the Southern District of New York on August 10, 1981. (Complaint, para. 6)

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1471 as this proceeding relates to the property of Candor Diamond Corp. ("Candor") and arises in/or is related to a case pending under Title 11 of the United States Code.

5. The summons and complaint in this adversary proceeding was issued on October 29, 1981 and directed Margolies to serve an answer or a motion addressed to the complaint on or before November 16, 1981. (Summons)

6. The summons and complaint was duly served upon Margolies and was in the possession of her attorney on or about October 30, 1981. (Affidavit of Norman Schwartz, Esq., sworn to December 4, 1981, para. 3)

7. By order of Bankruptcy Judge Edward J. Ryan, dated October 30, 1981, Margolies was ordered to show cause on No-

vember 4, 1981 why an order should not be granted directing Scarsdale National Bank and Trust Company to forthwith turn over to the Interim Trustee the proceeds of a check in the sum of $180,000 drawn on Bank Cantrade A. G., Zurich, Switzerland. (Order to Show Cause dated October 30, 1981)

8. The complaint alleged that the proceeds of the check drawn on Bank Cantrade A. G. constitute property of the Candor estate which was wrongfully in the possession of Margolies. (Complaint, paras. 8–18)

9. Margolies failed to serve an answer or motion addressed to the complaint on or before November 16, 1981. (Affidavit of Norman Schwartz, Esq., sworn to December 4, 1981, para. 4)

10. Margolies did not serve a timely answer because her attorney placed the summons and complaint in his file and overlooked the notation on the summons that an answer was due on or before November 16, 1981. (Affidavit of Norman Schwartz, Esq., sworn to December 4, 1981, para. 4)

11. Margolies did not serve an answer until December 2, 1981. (Affidavit of Leonard A. Isaacson, Esq., sworn to December 4, 1981, para. 4)

12. Margolies has failed to submit an affidavit of a person having personal knowledge of the facts stating that the proceeds of the Bank Cantrade A. G. check were not the property of Candor. (Affidavit of David I. Blejwas, Esq., sworn to December 22, 1981, paras. 12 and 13)

## CONCLUSIONS OF LAW

1. This Court has jurisdiction of the parties and the subject matter.

■ 2. A default judgment entered on well-pleaded allegations in a complaint establishes a defendant's liability. *Securities and Exchange Commission v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975); *Trans World Airlines, Inc. v. Hughes*, 449 F.2d 51, 69 (2d Cir. 1971), rev'd on other grounds, 409 U.S. 363, 93 S.Ct. 647, 34 L.Ed.2d 577 (1973).

3. Margolies has failed to demonstrate sufficient excuse for her default or that the default was the result of excusable neglect. *Link v. Wabash R.R.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); *United States v. Cirami*, 535 F.2d 736 (2d Cir. 1976); *In re World Wide Gifts, Inc.*, 10 B.R. 761 (Bkrtcy. S.D.N.Y.1981); Bankruptcy Rules 755(a) and 906(b).

4. Maguire is entitled to a judgment against Margolies declaring the proceeds of the check in the sum of $180,000 drawn on Bank Cantrade A. G. to be property of the Candor estate.

■ This memorandum decision accompanies the Findings of Fact and Conclusions of Law entered contemporaneously herewith. Generally, default judgments are not favored by this court; we are well aware that every party is entitled to "his" day in court.

■ The defendant's motion to vacate the default in answering is predicated on the assertion that the default was caused by excusable neglect and that, in any event, Margolies possesses a meritorious defense and that even if the neglect was not excusable, other courts have vacated such a default to permit an answer to be interposed.

However, to refute the plaintiff's legally sufficient argument[1] in opposition to Margolies' motion and in support of its own cross-motion for entry of a default judgment, Margolies fails to demonstrate sufficient excuse for the default or that the default was the result of excusable neglect.

According to defendant, her former attorney's negligence in overlooking the time to answer the summons and complaint was the cause for the default. Defendant's papers, however, including an affidavit from her former attorney, are devoid of any explanation sufficient to qualify the oversight as excusable neglect or to persuade this court that defendant ought be given another opportunity to interpose an answer. No

---

1. *See, Rules of Bankruptcy Procedure*, Rules 755(a) and 906(b); *In re World Wide Gifts, Inc.*, 10 B.R. 761, 764 (S.D.N.Y.1981); *Link v. Wabash R.R.*, 370 U.S. 626, 633–34 (1962).

evidence was introduced to demonstrate how Margolies' former attorneys ran their office, their caseload, staffing, or office management policy. Such evidence could have given this court additional factors to balance when deciding, in its discretion, whether or not to vacate the default.

Similarly, although alleging a meritorious defense to the complaint, the affidavit submitted by defendant in support of this bald assertion is without documentary support and is not an affidavit of a person having personal knowledge of the facts stating that the proceeds of a certain check drawn on the Bank Cantrade A. G. are, unequivocally, not property of the Candor estate.

Therefore, the defendant's motion to vacate the default in answering must, at this time, be denied.

Settle an appropriate judgment.