In re The **INTERNATIONAL PICTURE SHOW, INC.,** Debtor.

**Bankruptcy No. 81 B 12492.**

United States Bankruptcy Court, S.D. New York.

March 17, 1983.

Hershcopf & Stevenson, New York City, for debtor.

Arutt, Nachamie, Benjamin, Lipkin & Kirschner, New York City, for Filmway Associates and Billion Dollar Ltd.

## DECISION ON DEBTOR'S ORDER TO SHOW CAUSE TO VACATE DEFAULT JUDGMENT

EDWARD J. RYAN, Bankruptcy Judge.

On December 22, 1981, International Picture Show, Inc. (debtor) filed a voluntary petition for reorganization under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 1101 et seq. Pursuant to § 1108 of the Code, the debtor remained in business as a debtor in possession.

On July 20, 1982, Filmways Associates (Filmways) commenced an action. in this court to enforce a film distribution agreement (agreement) entered into by the debtor, Filmways and Billion Dollar Limited (Billion Dollar).[1] The debtor had contracted to distribute two films owned by Filmways and Billion Dollar. Under the terms of the agreement, the debtor was to provide quarterly calendar statements of the proceeds and remit checks in accordance with the amounts shown on the statements. The debtor's incurment of post-petition arrearages under the distribution agreement prompted Filmways to bring the aforementioned action.

On September 3, 1982, the parties entered into a stipulation agreement (stipulation) with the consent of the court. The stipulation, superceding the agreement, provided for the debtor to pay all arrearages within ninety days and supply the next quarterly calendar statement and corresponding check by September 30, 1982. On September 30, however, Filmways and Billion Dollar had received only the quarterly calendar statement without the required check.

Filmways then filed with the court a Notice of Motion to Punish for Contempt and an Application for the debtor to cure its defaults and turn over all prints of the films contemplated in the agreements. On the return date of the motion, October 29, 1982, the debtor appeared by an associate of the firm representing the debtor. The associate, not addressing the merits, informed the court that (a) the attorney normally handling the debtor's case was appearing before another judge; (b) Filmway's counsel refused to honor a requested adjournment; and (c) he was now requesting an adjournment before the court. Filmways' counsel refused to consent to any further adjournment[2] of the matter and the court then directed that an order be settled on notice. On November 16, 1982 an order was entered granting Filmways the relief sought in the application. The debtor then filed an Order to Show Cause as to why the default judgment should not be vacated. Filmways responded with the appropriate opposition papers. The court is now faced with resolving this dispute.

"Generally, default judgments are not favored by this court; we are well aware that every party is entitled to 'his' day in court."[3] Bankruptcy Rule 924, in adoption of Fed.R.Civ.P. § 60, provides for the relief of a judgment on the basis of excusable neglect.[4]

---

1. In regards to all disputes Filmways had with International, Billion Dollar stood in the same position as Filmways. Indeed, the same individual executed the agreements for both Filmways and Billion Dollar. The only difference was the respective amounts owed to Filmways and Billion Dollar by International.

Upon agreement by the attorneys for both sides, International included Billion Dollar in any settlement negotiated with Filmways for Billion Dollar's forbearance in commencing any additional actions. Billion Dollar subsequently served an Order to Show Cause upon International to preserve its rights in the event a settlement could not be reached.

2. According to the pleadings filed with this court, the attorneys for International requested and received adjournments on August 13, 1982 and August 25, 1982.

3. *In re Candor Diamond Corp.*, 21 B.R. 144, 146 (Bkrtcy.S.D.N.Y.1982).

4. Fed.R.Civ.P. § 60(b) provides, in pertinent part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect;
. . . .

Excusable neglect has been described as a "failure to timely perform a duty due to circumstances beyond the reasonable control of the person whose duty it is to perform."[5]

 The defaulting party carries the burden of setting forth those facts which substantiate the claim of excusable neglect.[6] Although no affidavits were filed, Mr. Backenroth, the attorney for the debtor, indicated in his Order to Show Cause that he was before another judge on October 29, the date Filmways' application was to be heard. Mr. Backenroth's efforts to alert his adversary of his inability to appear on the scheduled date and the use of an associate in requesting an adjournment demonstrate diligent efforts. As such, his conduct falls within the ambit of excusable neglect.

In addition, to successfully vacate a default judgment the debtor must possess a meritorious defense.[7] The debtor correctly asserts that under the terms of the ordered stipulation, no default of payments could be adjudicated by the court until Filmways gave written notice of the default and the debtor failed to cure it within thirty days. While it is true that Filmways reminded the debtor on September 7 and 14 of the September 30 deadline, these communications do not constitute notice because the default did not occur until September 30.

For Filmways to obtain the relief requested, proper notice of the debtor's default must have been given and the debtor must have been given an opportunity to cure it.

Thus, the debtor has a meritorious defense because no adequate notice of the default in payments was ever given. Accordingly, upon the filing of attorney Backenroth's affidavit pertaining to his appearance in another court on October 29, the default judgment against the debtor will be vacated.

Settle an appropriate order.

---

**5.** *In re World Wide Gifts, Inc.*, 10 B.R. 761, 764 (Bkrtcy.S.D.N.Y.1981).

**6.** *Cott Corp. v. W.F. Funke Dairy Supplies, Inc.*, 16 B.R. 526, 527–28 (Bkrtcy.D.Conn.1981). The court in *Cott* wrote:
   [W]here parties are claiming that a default judgment had been entered as a result of attorney neglect, affidavits should be furnished containing reasons why the attorney neglected to ... properly defend the litigation .... [I]gnorance or carelessness on the part of the attorney will not provide grounds for relief under Fed.R.Civ.P. § 60(b)(1) quot-

ing Mr. Justice Harlan in *Link v. Wabash R.R.* [370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)] (citations omitted).
*See also, In re Candor Diamond Corp.*, 21 B.R. 144, 146 (Bkrtcy.S.D.N.Y.1982); *United States v. Cirami*, 535 F.2d 736 (2d Cir.1976).

**7.** *Wokan v. Alladin Int., Inc.*, 485 F.2d 1232, 1254 (3d Cir.1973), citing 6 J. Moore, Federal Practice ¶ 55.10(1), at 55–125 (2d Ed.1972); *In re Candor Diamond Corp.*, 21 B.R. 144, 146 (Bkrtcy.S.D.N.Y.1982); *In re Scott*, 17 B.R. 375, 377 (Bkrtcy.W.D.Mo.1982).