In re CANDOR DIAMOND
CORP., Debtor.

JOHN P. MAGUIRE & CO.,
INC., Plaintiff,

v.

Jeffrey SAPIR, Interim Trustee of Candor Diamond Corp., Debtor; Madeleine Margolies and Scarsdale National Bank and Trust Company, Defendants.

Bankruptcy No. 81 B 11594 (EJR).
Adv. No. 81 5713–A.

United States Bankruptcy Court,
S.D. New York.

May 17, 1983.

Goldman & Greenbaum, P.C., New York City, for defendant Madeleine Margolies.

Stroock & Stroock & Lavan, New York City, for interim trustee Jeffrey Sapir.

Hahn & Hessen, New York City, for plaintiff John P. Maguire & Co., Inc.

Neale & Wilson & Gardella, Scarsdale, N.Y., for defendant Scarsdale Nat. Bank and Trust Co.

DECISION ON REMAND

EDWARD J. RYAN, Bankruptcy Judge.

By order dated November 1, 1982 District Judge Pierre N. Leval remanded to this

court a motion by Madeleine Margolies, defendant-appellant in the above captioned case. Madeleine Margolies had moved in the District Court by order to show cause dated October 6, 1982 for an order (i) striking from the Record on Appeal items 1 and 2 designated by plaintiff herein, John P. Maguire & Co., Inc. ("Maguire") pursuant to Rule 806 of the Bankruptcy Rules of Procedure; (ii) allowing the use of photocopies in the Record on Appeal where the originals of the documents previously filed with the court cannot be located in the files of the clerk; and (iii) granting an enlargement of time within which to perfect the appeal, until fifteen days after the court disposes of this motion.

For background to the determination of the within motion see this court's opinion dated January 18, 1983, 24 B.R. 844. In that decision this court on remand from Judge Leval, struck certain documents from the record on appeal, *inter alia.* That appeal was from an order of this court dated June 11, 1982, 21 B.R. 144, denying Margolies' motion to vacate a default and granting Margolies' cross motion for a default judgment. A default judgment was entered June 25, 1982.

On or about July 20, 1982 Margolies moved this court to vacate the default judgment by order to show cause. On August 12, 1982 this court entered an order denying Margolies' motion. Margolies filed a notice of appeal on August 26, 1982. On August 26, 1982 Margolies filed her Designation of Contents for Inclusion in the Record on Appeal, and on September 3, 1982 Maguire filed its Designation.

Margolies made the instant motion to strike in the District Court, which motion was remanded to this court for determination by order dated November 1, 1982.

The items objected to are (1) the transcript of the examination of Norman C. Schwartz, Esq., the former attorney of Margolies, taken on March 17, 1982 pursuant to Bankruptcy Rule 205, and (2) all documents filed with this court in Adversary Proceeding No. 82–5084 (seeking the turnover of a boat allegedly fraudulently transferred to Madeleine Margolies from Irwin Margolies, husband of defendant herein). This adversary proceeding was filed in Case No. 81 B 12103 (Irwin Margolies Bankruptcy). An affidavit submitted to this court by Maguire dated July 23, 1981 in opposition to Margolies' motion to vacate the default judgment made reference to the substance of these disputed items.

Margolies contends that the record on appeal may not include documents which were not submitted as part of the motion papers resulting in the order or judgment appealed from. This view of Rule 806 is too restrictive, and was rejected by the court in *In re Castle Village Company,* No. 76 B 1801 (S.D.N.Y., January 27, 1978) (Brieant, J.).

The items Maguire seeks to include in the Record on Appeal arise from an examination taken in the course of this proceeding and from an adversary proceeding in a related case. Material from related proceedings may be included in the Record on Appeal. *See In re Food Fair, Inc.,* 15 B.R. 569, 572 (Bkrtcy.S.D.N.Y.1981); *In re T. Michaelis Corvette Supplies, Inc.,* 14 B.R. 365 (Bkrtcy.N.D.Ohio 1981); *In re Saco Local Development Corp.,* 13 B.R. 226, 230 (Bkrtcy.Me.1981).

All of the material objected to is relevant to this court's exercise of discretion in denying Margolies' motion to vacate the default judgment. Its inclusion in the record will enable the District Court to have a full understanding of the case being reviewed. Therefore, Margolies' motion to strike from the record on appeal the documents designated by Maguire pursuant to Bankruptcy Rule 806 is denied.

In addition, that portion of the motion of defendant Madeleine Margolies for an order allowing the use of photocopies in the Record on Appeal for those documents listed on the Clerk's Certificate dated September 21, 1982 and enlarging the time within which Mrs. Margolies must perfect her appeal until fifteen days after entry of this order be, and the same hereby is, granted.

It is so ordered.