MANUFACTURERS AND TRADERS
TRUST COMPANY, Appellant,

v.

Benjamin Edmund MALKA, Appellee.

No. 90–7029–CIV.

United States District Court,
S.D. Florida.

April 23, 1991.

Larry Corman, Boca Raton, Fla., for appellant.

Lawrence J. Forno, Pompano Beach, Fla., for appellee.

ORDER OF REVERSAL ON
BANKRUPTCY APPEAL

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the appeal from the Order of The Bankruptcy Court of the Southern District of Florida, Hon. Sidney M. Weaver, Judge dated November 1, 1990. That order, denied the appellant's motion to vacate a previous order of the bankruptcy court which dismissed the case.

This Court has appellate jurisdiction over this matter pursuant to 28 U.S.C. § 158.

FACTS

The material facts surrounding the underlying bankruptcy are not in dispute, and are not in issue.[1] This appeal presents the limited question of whether the Bankruptcy Court abused its discretion in refusing to vacate its order which dismissed the case.

The appellant filed this action in bankruptcy court on August 22, 1990.

Appellant's counsel, on August 22, 1990, received a copy of the notice of trial. The trial was set for October 3, 1990. Counsel received the notice and instructed his secretary to place the trial date on the law firm's computer diary system. The date was not placed on the computer system, or counsel's personal diary.

The bankruptcy defendant, appellee Malka, did not respond to the appellant's bankruptcy complaint. However, due to the oversight concerning the memorialization of the trial date, the appellant did not appear at the scheduled trial date, and the appellant did not move for a default. As a result of appellant counsel's inaction, on October 4, 1990, Judge Weaver dismissed the appellant's complaint.

The appellant immediately filed a motion to vacate the order dismissing the case. A hearing was held before Judge Weaver on October 31, 1990, when the appellant presented Judge Weaver with affidavits from his secretary explaining counsel's ab-

---

1. The bankruptcy proceeding against Mr. Malka centered around allegations that Malka intentionally misrepresented to the appellant that he was a physician with an annual income of over $350,000.00. Malka, who is not a physician but actually a nurse, secured a credit line of $20,-000.00 from the appellant.

**900**

sence from the trial date. The appellee did not appear at the October 31, 1990 hearing.

Judge Weaver's order, entered on November 1, 1990, denied the appellant's motion to vacate the order dismissing the case.

DISCUSSION

■ A mistake by a parties' attorney should not deprive that party of an opportunity to present the merits of his action. *Blois v. Friday,* 612 F.2d 938, 940 (5th Cir.1980). The party should not be punished for his counsel's errors "absent a clear record of delay, willful contempt or contumacious conduct." *Id.* (citations omitted).[2]

■ In the instant matter, the appellant's attorneys have filed two affidavits explaining their absence from the trial date. Both affidavits recite why the trial date was not placed on counsel's computer or personal diaries. *See,* Appellate Brief, Exhibits E, H. It does not appear that counsel's absence was deliberate, or done with any intention to delay. The Court also notes that the appellee has failed to object to the appellant's motions to Judge Weaver, and has failed to make an appearance in this action.

The Court has reviewed the appellants' brief, the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the Order of the Bankruptcy Court for the Southern District of Florida dated November 1, 1991 as previously entered on this cause, is REVERSED and this case is REMANDED to the United States Bankruptcy Court for the Southern District of Florida for further proceedings consistent with this Court's opinion and pursuant to the applicable provisions of the Bankruptcy Code.

DONE AND ORDERED.

---

2. Fifth Circuit case law was adopted by the Eleventh Circuit as controlling precedent. *Bon-*

*ner v. City of Prichard,* 661 F.2d 1206 (11th Cir.1981) (en banc).