United States Court of Appeals
Fifth Circuit

**F I L E D**

December 16, 2003

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals
## for the Fifth Circuit

No. 03-30653
Summary Calendar

JANIE MCKENZIE,

Plaintiff-Appellant,

VERSUS

ANTHONY PRINCIPI,
SECRETARY, DEPARTMENT OF VETERANS' AFFAIRS,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
m 02-CV-1601

Before SMITH, DEMOSS, and STEWART,
 Circuit Judges.

PER CURIAM:[*]

Plaintiff Janie McKenzie appeals the dismissal of her claim after she failed timely to respond to a dispositive motion by defendant.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published (continued...)

[*](...continued)
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Finding no error, we affirm.

## I.

McKenzie sued on May 24, 2002, charging that the Department of Veterans' Affairs ("the VA") had unlawfully engaged in racial discrimination against her, in violation of title VII. During the pre-trial period, the court set June 9, 2003, as a cutoff date for pre-trial motions to be heard. In scheduling pre-trial deadlines, the court was mindful that McKenzie's counsel had duties as a legislator during the spring and summer. In its discretion, the court charitably adjusted the pre-trial schedule to reduce conflict with counsel's other duties.

On May 12, the VA filed a motion to dismiss or alternatively for summary judgment. The motion package was duly delivered to McKenzie's lawyer on May 13, informing him that the motion would be heard on May 28. McKenzie failed to respond until May 22, too late to be heard under the applicable rules.[1] The court granted the motion to dismiss as unopposed.

On June 5, 2003, pursuant to FED. R. CIV. P. 60(b), McKenzie filed a "Motion for Relief from Judgment or Order and Reinstatement of Action" ("motion for relief"). As the basis for the request for leniency, McKenzie's attorney pointed to his duties as a state representative, where he was then serving in a regular session convened on March 31 and set to extend through June 23. He argued that his work had kept him out of his office and had caused the late response. The court refused to grant McKenzie's motion and entered judgment in favor

---

[1] Under Local Rule 7.5E, "Each party opposing a motion shall file . . . a memorandum of the reasons advanced in opposition . . . no later than the eighth calender day prior to the noticed hearing date."

of the VA, dismissing with prejudice on June 9.

## II.

McKenzie argues that the court abused its discretion in refusing to grant her motion for relief, because counsel's failure to reply timely was "excusable neglect." Appellate review of a denial of a rule 60(b) motion is narrower in scope than is review of the order of dismissal. To merit reversal, a denial must be so unwarranted as to constitute an abuse of discretion. *New Hampshire Ins. Co. v. Martech USA, Inc.*, 993 F.2d 1195, 1200 (5th Cir. 1993) (citing *Brown v. Petrolite Corp.*, 965 F.2d 38 (5th Cir. 1992)); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981)

Any post-deadline extension to reply to a dispositive motion must be "upon motion made" and is permissible only where the failure to meet deadline 'was the result of "excusable neglect." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990). In determining whether a late filing was excusable neglect, the court should take into account the possible prejudice to the later filer, the length of delay and the impact on judicial proceedings, the reason for delay, including especially if it was within the reasonable control of the movant, and whether the movant acted in good faith. *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Moreover, "the greater the negligence involved, or the more willful the conduct, the less 'excusable' it is." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1083 (5th Cir. 1984). Greater leniency should be exercised in finding excusable neglect where failure to grant a motion for relief would result in a default judgment. In *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam), we stated:

2

[The] Rule 60(b) Motion must be equitably and liberally applied to achieve substantial justice. Doubt should be resolved in the favor of a judicial decision on the merits of a case, and a technical error or a slight mistake by plaintiff's attorney should not deprive plaintiff of an opportunity to present the true merits of his claims. The countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice. The plaintiff should not be punished for his attorney's mistake absent a clear record of delay, willful contempt or contumacious conduct.

(Citations omitted.) *See also Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (per curiam).

Nonetheless, McKenzie has failed to show that her neglect was "excusable." This court has regularly found "excusable neglect" in responding to a dispositive motion only in circumstances where, through inadvertence, the party or its attorney did not receive notice. *See e.g.*, *Halicki v. La. Casino Cruises*, 151 F.3d 465, 470 (5th Cir. 1998); *Seven Elves*, 635 F.2d at 399; *Blois*, 612 F.2d at 940. Meanwhile, we have "expressly held that conflicts in scheduling do not provide sufficient cause to warrant relief under Rule 60(b)(1)." *Pryor v. United States Postal Serv.*, 769 F.2d 281, 287 (5th Cir. 1985).

McKenzie offers no reason to excuse her late filing other than counsel's schedule as a legislator. It is no more than a conflict in scheduling, and one that the district court generously accommodated during the pre-trial period. There were no surprises or unusual intervening circumstances that caused the lateness of McKenzie's reply—she and her counsel were aware of the requirements of the pre-trial period and of counsel's busy schedule.

Accordingly, it was no abuse of discretion to deny the motion for relief.

AFFIRMED.

3