SOUTHWESTERN INVESTMENT COM-
PANY, Appellant,

v.

Claude D. NEELEY et ux., Appellees.

No. 17027.

Court of Civil Appeals of Texas,
Fort Worth.

May 15, 1970.

Supplemental Opinion June 5, 1970.

Clayton & Clayton, and Cleo G. Clayton, Jr., Amarillo, for appellant.

Johnson & Browning, and Kenneth Johnson, Wichita Falls, for appellees.

OPINION

MASSEY, Chief Justice.

On March 25, 1970, the Supreme Court remanded this case to this court for consideration of the question of the amount, if any, this court might decide to have constituted excess in the jury's finding on exemplary damages. Said amount of exemplary damages was $20,000.00, and the judgment of the trial court was for this as well as actual damages decreed therein.

We first rendered judgment which was one of reformation and affirmance on condition of remittitur of a part of the trial court's judgment as applied to actual damages; requiring no remittitur as applied to that court's judgment as applied to exemplary damages.

There was a remittitur filed in the amount of $3,800.00, leaving the judgment for actual damages the sum of $700.00. This court then affirmed the judgment for $20,700.00. This was for actual damages of $700.00 and exemplary damages of $20,000.00.

Directing that we consider the case in accordance with its opinion the Supeme Court rendered judgment of remand to this court. Generally, the subject thereof was the propriety of remittitur of exemplary damages, and matters to be considered in connection therewith.

We have considered the Supreme Court's opinion and have concluded that there should be a required remittitur of a portion of the $20,000.00 exemplary damages awarded by the trial court in the amount of $8,250.00. To do so would leave the ultimate judgment in the case for $700.00 actual and $11,750.00 exemplary damages.

It is directed that should plaintiffs, appellees, Claude D. Neeley et ux., file the aforementioned remittitur within fifteen days from date hereof, judgment of the trial court will be further reformed and affirmed as thereby reduced, with costs assessed against the defendant Southwestern Investment Company; otherwise to be re-

versed and the cause remanded for another trial, with costs assessed against plaintiffs, Claude D. Neeley et ux.

### SUPPLEMENTAL OPINION

In our opinion of May 15, 1970 in this cause, after a remand of such cause to this Court by the Supreme Court of Texas, it was indicated that if appellees would file a further remittitur of $8,250.00 within fifteen days, the judgment of the trial court would be reformed and affirmed; otherwise the judgment would be reversed and the cause remanded.

Appellant has filed a motion for rehearing in this cause, which motion is overruled as of this date; and appellees having filed in writing such additional remittitur of $8,250.00, the judgment of the trial court is reformed by the reduction of $8,250.00, making the total amount of exemplary damages the sum of $11,750.00; and a remittitur of $3,800.00 having heretofore been filed as to actual damages, the amount of actual damages is reduced to the sum of $700.00, and as so reformed the judgment is affirmed, with costs assessed against appellant.