Raymond E. BROSOFSKE, Appellant,

v.

B. C. GREGORY et al., Appellees.

No. 419.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Jan. 13, 1971.

Anson D. Phipps, Lucas & Hudson, Houston, for appellant.

Arthur L. Forbes, Houston, for appellees.

BARRON, Justice.

The plaintiffs, B. C. Gregory, Consolidated Sales, Inc., and Distributor Products Corporation, instituted this action for conversion with prayer for exemplary damages against the defendant, Raymond E. Brosofske. The defendant filed a cross-action for damages for an alleged breach of a written lease agreement. In response to special issues, the jury found that plaintiff sustained actual damages totaling $4,952.25 and assessed the sum of $17,444 as exemplary damages. The trial court entered judgment for the plaintiffs in the amount of $22,392.25. At the hearing on defendant's motion for new trial, the trial court found exemplary damages to be excessive in the amount of $10,000, and plaintiffs filed a remittitur in that amount. On this appeal, the defendant contends that the trial court erred in failing to grant a new trial because the jury's findings to five special issues are against the great

weight and preponderance of the evidence. In a cross-point of error, the plaintiffs complain of the trial court's action in requiring the remittitur.

B. C. Gregory and his wife, Ruth Gregory, own all of the stock in the two plaintiff corporations, Consolidated Sales, Inc. and Distributor Products Corporation. Gregory is a manufacturer's representative and conducts the business through these two close corporations. On June 15, 1967, Consolidated Sales, Inc., as tenant, entered into a lease contract with the defendant landlord. The lease contract contained a provision that Consolidated Sales would pay a monthly rental of $165.00 but that the monthly rental would increase to $185.00 when the average rental paid by all tenants amounted to $185.00 per month. The first and last month's rental were paid in advance.

In October of 1967 the defendant attempted to raise the monthly rent from $165 to $185. The defendant advised Mrs. Gregory that the rent had been raised to $185 and she promptly paid him this amount. When Mr. Gregory learned of this he met with the defendant and protested the increase. On November 17, 1967, Mr. Gregory gave the defendant written notice of termination. On the night of November 26, 1967, the defendant entered the premises leased to the plaintiffs and took possession of personal property owned by plaintiffs. On the following day, November 27, 1967, the defendant gave Mr. Gregory notice of this action by letter stating that he was relying on two provisions in the lease agreement. After the Gregorys caused a writ of sequestration to be issued and served on the defendant, Brosofske surrendered a portion of the goods to the sheriff. These goods were reacquired by plaintiffs December 12, 1970. The parties stipulated that a portion of the plaintiffs' merchandise was in the defendant's possession at the time of trial.

In order to establish an allegation of conversion it must be shown that

the person charged unlawfully and wrongfully exercised dominion and control over property of another to the exclusion of the exercise of the right of possession by the owner or some other person entitled to its possession. American Cotton Co-op Association v. Plainview Compress & Warehouse Company, 114 S.W.2d 689, 692 (Tex. Civ.App.1938), writ dism. When a conversion is accompanied by malice, fraud or gross negligence there may be an award of exemplary damages. Lyon v. Wood, 363 S.W.2d 179, (Tex.Civ.App.1962) no writ hist.; 14 Tex.Jur.2d, Conversions, Sec. 25, pp. 29–30.

■ In the case at bar it was stipulated that the defendant entered the premises in question and removed personal property. It is apparent that the defendant had no right to raise plaintiffs' rent under the lease agreement, because the jury's finding that the average rental of balance of tenants on October 13, 1967 was not $185.00 or more per month is unchallenged. It is further clear that the plaintiffs were not in default in the payment of rent. The plaintiffs went into possession under the lease on June 15, 1967 and vacated the premises on December 15, 1967. During this six-month period the plaintiffs paid the defendant a total sum of money ($1,010.00) which exceeds $165 per month. The fact that the defendant had no right or color of right to take the action in question is clearly established by the record.

By defendant's first point of error, he contends that the trial court erred in failing to grant a new trial for the reason that the jury's finding that their defendant acted with malice, i. e., ill-will, spite, evil motive or purposing the injury of another is so contrary to the overwhelming weight and preponderance of all the evidence as to be clearly wrong and unjust.

■ The following is a summary of the evidence on the malice question. Mrs. Gregory testified that after the defendant received the plaintiffs' termination letter on November 17, the defendant "roared up those stairs and threw open the door and came in the room and he yelled out at me, 'Where is my money? Now, I want my money * * * I want to see him (Mr. Gregory). I will show him he can't do this to me.'" Mrs. Gregory testified that the defendant was furious and had a wild look. Before making the seizure, the defendant testified that he read the lease agreement and knew the difference between a right to possession and the lien. It is apparent that the defendant converted the plaintiffs' property with knowledge that such action was unlawful. On the night of November 26, 1967, the defendant and two men helpers seized a quantity of plaintiffs' personal property sufficient to fill an 8' x 8' x 16' rented van. The defendant seized the plaintiffs' office machines, files and furniture as well as a quantity of salable goods. The defendant testified that he knew the plaintiffs could not operate the business without the property seized. The defendant did not give the plaintiffs any notice of a claimed lien or right of possession against this property until the day after the seizure. About a week after the seizure, in December when it was cold, the defendant, without notice, removed the heating unit from the plaintiffs' leased premises. In light of the above circumstances, we cannot say that the jury's finding that the defendant acted with malice was contrary to the overwhelming weight and preponderance of the evidence.

■ The defendant further contends that the trial court erred in failing to grant a new trial for the reason that the jury's award of exemplary damage is so grossly excessive as clearly to indicate prejudice on the part of the jury and that the amount awarded bears no reasonable relationship to the actual damages sustained by plaintiffs. The jury awarded plaintiffs exemplary damages in the amount of $17,440 and the trial court ordered remittitur of $10,000. The de-

fendant contends that the resulting award of $7,440 is excessive. The question of the measure of exemplary damages comes under the general rule that, where the law furnishes no legal measure of damages and they are unliquidated, the amount to be awarded rests largely within the discretion of the jury; and unless the award is so large as to indicate that it is a result of passion, prejudice, or corruption, or that the evidence has been disregarded, the verdict of the jury is conclusive and will not be set aside as excessive. Home Furniture Co. v. Hawkins, 84 S.W.d 830 (Tex.Civ.App.1935), writ dismd. In the instant case, the amount of exemplary damages is proportionate to the amount of actual damages, approximately at the ratio of 1½ to 1. Under the circumstances, we do not believe that this ratio evidences the fact that the jury followed the dictates of passion rather than reason in rendering this verdict. The contention is overruled.

The defendant contends in a third point of error that the jury's finding of actual business damages is contrary to the overwhelming weight and preponderance of the evidence. The jury found the loss of business profits to the plaintiff, B. C. Gregory, Consolidated Sales, Inc., and Distributor Products Corporation, was $3,000. The defendant complains that there is no evidence that the plaintiff B. C. Gregory suffered a loss of profits.

■ Mr. Gregory testified at length about how his business as a manufacturer's representative operated. It depended on his personal sales contracts in a four-state area, and it depended upon his ability to maintain an adequate warehouse stock with which to service his accounts. Gregory testified at length as to how Brosofske's seizure interfered with all of these business functions. There is ample testimony, exhibits, summaries and tax returns from which Gregory calculated the $3,000.00 loss in commission income. The manufactured items were placed in Gregory's warehouse and he was responsible for either selling them or keeping them intact. Moreover, this objection was waived by defendant's failure to object to the form of the submission or to request a separate finding on business damages as to the individual and corporate plaintiffs. Castilleja v. Camero, 402 S.W.2d 265 (Tex.Civ.App. 1966), affirmed, Tex., 414 S.W.2d 424; Rule 274, Texas Rules of Civil Procedure. The jury's finding as to the actual business damage sustained by the plaintiffs is not against the great weight and preponderance of the evidence.

■ By the defendant's fourth and fifth points of error it is contended that the jury's finding of the value of property and consigned stock not returned by the defendant is contrary to the overwhelming weight and preponderance of the evidence. We have carefully reviewed the testimony, and we hold that there was sufficient evidence to sustain the jury's findings on these issues.

■ By their cross-point of error the plaintiffs contend that the trial court erred in requiring plaintiffs to remit $10,000 of the amount awarded by the jury as exemplary damages. Where the trial court has required a party to remit part of the verdict as a condition to the overruling of the adversary's motion for new trial, and this action has been questioned on appeal, the reviewing court must determine the order's propriety by deciding whether the trial court abused its discretion in making the order. Flanigan v. Carswell, 159 Tex. 598, 324 S.W.2d 835 (1959). This cross-point of error is overruled. The plaintiffs have failed to demonstrate that the trial court abused its discretion in making the order of remittitur. Under the circumstances the trial court was well within the limits of its discretion in granting the remittitur.

The judgment of the trial court is affirmed.