DOLPHIN PLUMBING CO. OF FLOR-
IDA, INC., Plaintiff-Appellee,

v.

The FINANCIAL CORPORATION OF
NORTH AMERICA, a Missouri Corp.,
authorized to do business in Florida,
Defendant-Appellant.

No. 74–3502

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 27, 1975.

Vincent E. Damian, Jr., Gary S.
Brooks, Miami, Fla., for defendant-appel-
lant.

Henry J. Whelchel, Miami, Fla., for
plaintiff-appellee.

Before WISDOM, BELL and CLARK,
Circuit Judges.

PER CURIAM:

The Financial Corporation of North
America, FINCO, asks us to reverse the
district court's denial of its motion to set
aside a default and judgment of default
entered in favor of Dolphin Plumbing
Company of Florida. We affirm.

On April 4, 1974, Dolphin, a subcon-
tractor, filed its complaint against FIN-
CO, the developer, alleging breach of
contract. On May 8, pursuant to a stip-
ulation filed on behalf of both parties,
Dolphin filed an amended complaint.
The stipulation allowed FINCO an addi-
tional ten days, until May 18, to file
responsive pleadings or motion. On May
24, FINCO's attorney moved to with-
draw. He explained that his law firm
had rendered service to FINCO for al-
most a year but had never received any
payment on account. His affidavit recit-
ed that FINCO owed his firm $20,000
which it had "failed to pay or indicated
[*sic*] a willingness to pay."

The court granted the motion to with-
draw on June 7, 1974 and gave the de-
fendant fourteen days to procure substi-
tute counsel and to have him appear.
Both the motion to withdraw and the
order granting the motion were served
on the defendant and on its general
counsel. The defendant did not comply
with the court's order, and on June 25,
1974, on plaintiff's motion, the court en-
tered a default against FINCO, pursuant

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir.,
1970, 431 F.2d 409, Part I.

to Rule 55(b), Fed.R.Civ.P. Dolphin filed a motion for a default judgment, and served FINCO's president and general counsel with copies of the motion. The court set July 5 as the date for the final hearing. At the hearing, FINCO's former counsel was present but refused to make a formal appearance because he still had not been paid. The court proceeded with the hearing, examined witnesses, and, on July 10, in written findings of fact and conclusions of law, entered a default judgment against FINCO.

During the entire course of these proceedings, FINCO filed no motions or responsive pleadings. No representative of FINCO ever made an appearance, although both the corporation and its general counsel had been served with notice of all proceedings from the motion of withdrawal by its counsel through the entry of the final judgment. Only on July 18, thirteen days after the final hearing and eight days after the entry of the final judgment, did FINCO's former counsel reenter the case by filing a motion for leave to enter an appearance, a motion for a rehearing, and a motion to set aside the default and judgment of default. The court granted the motion for leave to enter an appearance and denied the others.

The decision whether to set aside a default judgment is left to the sound discretion of the trial judge and will be reversed only for an abuse of discretion. Rule 60(b), Fed.R.Civ.P.; McGrady v. D'Andrea Electric, Inc., 5 Cir. 1970, 434 F.2d 1000. Although we are mindful of the strong policy in favor of trial on the merits, we are equally aware of the district court's duty to protect the integrity of the judicial process. This Court will do nothing to sanction abuse of that process, particularly the unexplained failure to obey an order of court.

The defendant FINCO did not, we conclude, make a sufficient showing of good reason for its default. It made no factual showing of mistake, inadvertence, surprise, or excusable neglect. Its motion to set aside the default and default judgment cited, in conspicuously imprecise terms,[1] general financial difficulties in paying its retained counsel.[2] Its motion explained that FINCO asked the attorney who had withdrawn to resume representation, was informed that representation would be resumed if some payment on account was made before the final hearing on July 5th, and that it had "made every possible effort to affect [sic] payment by that time." But, as this statement itself implies, and as the record demonstrates,[3] these efforts be-

1. For example:
   "Generally, the Defendant has experienced difficulty in receiving its draws on time."
   We are not told what draws were, in fact, late and what, if any, effect this had on the defendant's ability to procure legal representation or to appear itself.

2. FINCO's motion details other nonmeritorious explanations:
   "The problem is further compounded by the fact that the project is located in South Dade County, the lender is located in Sarasota, Florida, and the defendant's main office is located in Kansas City, Missouri."
   "More specifically, the problem here was created by the fact that, although the draw funds from which payment on account was to be made were deposited on Wednesday, July 3, 1974, no checks could be drawn against said deposit until the deposit cleared, and the deposit did not clear until after 11:00 A. M., July 5, 1974. This specific problem was compounded by the fact that one crucial business day of the week in question was lost, Thursday, being the Fourth of July. Therefore, although payment on account was made, it was made after the hearing."

3. At the final hearing on July 5th, FINCO's former counsel explained to the court:
   "Judge, on the 1st of July, I delivered a letter to your office with copy to Mr. Whelchel. What happened was that our client came into the office that morning with a check and asked us if we would undertake to—reundertake, I should say, the representation, and I said that yes, but—after I found out that there was going to be a final hearing today—I said yes, but we will have to have either cash or his check or money, because we just can't go into Federal Court and ask the Judge a huge favor like this and then not be paid, because it would be unfair to you and unfair to us if that were to happen, and I have not been paid, so I am afraid that my request is moot. I appreciate it being entertained."

gan only after the default had been entered and after the final hearing had been scheduled.

There is no explanation whatever for FINCO's failing to comply with the court's order of June 7 to procure substitute counsel within two weeks, or for its default. Its efforts *after* default to pay its former counsel do not excuse the unexplained default.

On this record we must agree with the district court's decision to refuse to set aside, under Rule 60(b), the judgment of default. Certainly we find no abuse of discretion.

Affirmed.