Bob McKENZIE, Plaintiff,

v.

WAKULLA COUNTY, a political subdivision of the State of Florida, Defendant.

No. 80–0784.

United States District Court,
N. D. Florida,
Tallahassee Division.

Feb. 27, 1981.

Melvin R. Horne, Tallahassee, Fla., for plaintiff.

Ronald L. Baker, Crawfordville, Fla., for defendant.

## DEFAULT JUDGMENT

HIGBY, District Judge.

March 6, 1980, the Plaintiff began this lawsuit. The Defendant responded with a motion to dismiss which was denied July 22, 1980. One hundred fourteen days later, on November 13, 1980, the Plaintiff moved for default judgment. The Defendant's answer to the complaint was due August 1, 1980. Fed.R.Civ.P. 12(a). The Defendant filed an answer and a response to the motion December 10, 1980. Under Rule 7(B) of the Rules for the United States District Court, Northern District of Florida, Defendant's reply to the motion was due November 26, 1980. The response was 14 days late, the answer 122 days late, and both came only after a call from the court to the Defendant's lawyer asking if he was going to respond to the default motion. Failure to reply to a motion alone "may be sufficient cause for the granting of the motion by default." Local Rule 7(B). The Defendant

never did move for leave to file a late answer.

After careful consideration I have decided to grant a default judgment. Because a response to the motion for default judgment has been filed, I will apply the standards used for ruling upon motions under Federal Rule of Civil Procedure 60(a) for relief from a judgment and Rule 55(c) for vacation of a default. Entering a default judgment and then considering a motion to vacate would be a meaningless formality.

Default judgments are not favored. There is a strong public policy in favor of resolving lawsuits by a trial on the merits. *Dolphin Plumbing Co. of Florida, Inc. v. Financial Corporation of North America*, 508 F.2d 1326 (5th Cir. 1975). On the other hand a district court has a "duty to protect the integrity of the judicial process." *Id.* at 1327. Two values must be balanced. "The countervailing factors are the defendants' and society's interests in the finality of judgments and the avoidance of prejudice." *Blois v. Friday*, 612 F.2d 938, 940 (5th Cir. 1980). Rule 60 specifies mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party as grounds for setting aside a judgment. Fed.R.Civ.P. 60(b). Rule 55(c) authorizes setting aside default judgments for good cause shown. *See McGrady v. D'Andrea Electric, Inc.*, 434 F.2d 1000 (5th Cir. 1970). Default judgments should not be entered because of technical errors. *Blois v. Friday, supra.* But when a defendant's actions or inactions amount to willful misconduct, gross neglect, or other extreme and unusual behavior, default judgment is appropriate and even necessary to ensure the functioning of the judicial process. *See Blois v. Friday, supra; Consolidated Masonry & Fireproofing, Inc. v. Wagman Construction Co.*, 383 F.2d 249 (4th Cir. 1967). Defendants cannot avoid or delay a plaintiff's right to judicial resolution of a dispute by ignoring the proceeding.

Defendant's conduct in this case amounts to gross neglect if not willful mis-

conduct. The history of delay in filing an answer and responding to the motion for default has already been set out. It was not the only time the Defendant blatantly ignored the rules of procedure. April 28, 1980, the Plaintiff filed and served a motion for summary judgment. Defendant's response was due May 12, 1980. It was not filed until July 21, 1980, 70 days after it was due; one day before the summary judgment hearing; 25 days after the notice of hearing was mailed; and, like the response to motion for default, only after a call from the court.

The record shows a pattern of excessive delay with no excuses offered. The statements in Defendant's response do not excuse the failure to timely answer the complaint or to respond to the default motion. Defendant's response refers to a related state case. That case had been dismissed by the time Defendant's motion to dismiss was denied and could not have caused the failure to answer. Referring to its motion to dismiss and its response to Plaintiff's summary judgment motion, Defendant says it "has not been unresponsive in the Federal Case [sic]." Doc.No. 15. Those actions are not shown or even alleged to have caused Defendant's failure to answer. Defendant's response also states the Plaintiff has not been prejudiced by its action. Delay prejudices the Plaintiff. This is particularly true here where the Plaintiff seeks reinstatement.

There is only one equity arguably weighing in Defendant's favor. That is the unpalatability of punishing a litigant for behavior which may well be its lawyer's fault. That alone, given the pattern of gross neglect, is insufficient. As Justice Harlan said in a case involving dismissal for failure to prosecute, the defendant

> voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and

is considered to have 'notice of all facts, notice of which can be charged upon the attorney.' *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955, 958.

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1387, 1390–91, 8 L.Ed.2d 734, 740 (1962) (footnote omitted). This observation is particularly applicable here where the litigant is a governmental body and therefore better able than most to intelligently choose a competent attorney.

The Plaintiff's motion for default judgment is granted. The Defendant is adjudged liable on all counts of the complaint not disposed of by the partial summary judgment. A jury trial on damages will be set later.