**Carroll HUPP, Plaintiff,**

v.

**PORT BROWNSVILLE SHIPYARD, INC., et al, Defendants.**

**Civ. A. No. B-79-271.**

United States District Court,
S. D. Texas,
Brownsville Division.

June 1, 1981.

---

Thomas G. Sharpe, Jr., Brownsville, Tex., for plaintiff.

Nicholas V. Hile, Wiech, Fleming, Hamilton, Uribe & Hile, Brownsville, Tex., for defendants.

## MEMORANDUM AND ORDER

VELA, District Judge.

Plaintiff, a citizen of Ohio, brought an action in diversity for the alleged conversion by Defendants of a used ship's engine and certain appurtenances thereto. The fair market value of the items was alleged to be in excess of One Hundred Thousand Dollars ($100,000.00), and Plaintiff sought a like amount as exemplary damages. Defendants filed a motion to dismiss, claiming that the matter in controversy did not exceed Ten Thousand Dollars ($10,000.00) exclusive of interest and costs, and that therefore this court did not have jurisdiction over the subject matter of the lawsuit. Attached to Defendants' motion were affidavits which established that the equipment had been purchased unconditionally by Plaintiff from Booth Fisheries, Inc., for One Thousand Five Hundred Dollars ($1,500.00) and thereafter had been left sitting on the premises of Defendant Brownsville Shipyard, Inc., for approximately eleven months, during which it was left completely unprotected from the elements. On April 16, 1980, Plaintiff was ordered by this court, DeAnda, J., to submit controverting affidavits and briefs to substantiate his claim regarding the jurisdictional amount.

Plaintiff having failed to do so to the satisfaction of this court, it is therefore ORDERED that Defendant's Motion to Dismiss is GRANTED and this case is DISMISSED for lack of subject matter jurisdiction.

## OPINION

A Plaintiff's allegation that a matter in controversy exceeds the jurisdictional amount requirement is sufficient to meet the amount in controversy test unless challenged. *Gibbs v. Buck*, 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939); *Dassinger v. South Cent. Bell Tel. Co.*, 505 F.2d 672 (5th Cir. 1974) (dictum). Once challenged, the Plaintiff has the burden of proving its existence by showing that it does not appear to a legal certainty that his claim is for less than the jurisdictional amount. *Gibbs, supra.* In diversity cases, courts must look to state law to determine the nature and extent of the right to be enforced. *Horton v. Liberty Mutual Ins., Co.*, 367 U.S. 348, 352–53, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890 (1961); *Duderwicz v. Sweetwater Savings Ass'n*, 595 F.2d 1008 (5th Cir. 1979). This includes applying the forum state's rules regarding the nature of damages and the availability of exemplary damages. *Vance v. W. A. Vandercook Co. (No.2)*, 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111 (1898); *Jimenez-Puig v. Avis Rent-A-Car System*, 574 F.2d 37 (1st Cir. 1978); *Swafford v. Transit Cas. Co.*, 486 F.Supp. 175 (N.D.Ga.1980).

Texas law states that a Plaintiff in conversion is ordinarily to be compensated for the actual loss caused by the conversion. Damages are generally equivalent to the value the personalty had when and where it was converted, with interest on that value from the date of the conversion. 14 TEX.JUR.2d *Conversion* § 24 (1960). Ordinarily, compensatory damages are measured by market value at the place and time of conversion. They are not measured by the reasonable value of the property or the price Plaintiff paid for it. *Id.* § 26. Where personalty is without market value, damages may be measured by actual or intrinsic value, or the value to the owner. *Id.* § 28.

The "market value" of property is the price the property will bring when it is offered for sale by one who is not compelled to sell to another, who, in his turn, is not compelled to buy. 23 TEX.JUR.2d *Evidence* § 174 (1961). The affidavit of Arthur Mendez, purchasing agent for Booth Fisheries, establishes that the personalty in issue was surplus property sold "as is where is" to Plaintiff on June 28, 1978, pursuant to his purchase offer of $1,500.00. It further establishes that Booth Fisheries has previously engaged in the purchase and sale of marine engines in the area. Plaintiff failed to allege that the sale took place in an unusual manner and failed to produce evidence that the market value of the property was greater than the purchase price at the time of the alleged conversion in May of 1979. The only allegations indicating a greater value to Plaintiff are the conclusory statements of Plaintiff's counsel that the equipment was purchased as replacement parts for another vessel and that such parts were very scarce, and further that they were to be used by Plaintiff in Nicaragua. Plaintiff's seeming unconcern for the continued deterioration of the equipment prior to its alleged conversion lends no credence to these statements of counsel. This court therefore finds as a matter of law that the personalty converted did possess a market value, and that that value was at most $1,500.00, exclusive of interest and costs. Additionally, interest may be included in computation of the jurisdictional amount if it is an essential ingredient in determining compensatory damages under applicable state law. *Brown v. Webster*, 156 U.S. 328, 15 S.Ct. 377, 39 L.Ed. 440 (1895). Adding Plaintiff's demand of simple interest at nine percent (9%) per annum from the date of conversion until today, the compensatory damages available to Plaintiff would at most be $1,770.00.

Exemplary or punitive damages, if permitted under the governing law, can be included in determining whether the amount in controversy has been met. *Bell v. Preferred Life Assur. Soc.*, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943). Exemplary damages for conversion are ordinarily not allowed under Texas law, but they may be awarded where it is alleged and proven that the conversion was accompanied by wilfulness, fraud, malice, oppression or gross negligence. Additionally, exemplary damages must be reasonably proportioned to the actual damages sustained. 14 TEX.JUR.2d *Conversion*, §§ 25, 69 (1960).

In determining the jurisdictional amount in controversy, a judge may exercise more discretion in determining whether exemplary damages can be recovered than when actual damages are at issue. *Bewley v. Sims*, 438 F.Supp. 708 (D.Md.1977). Since there is no theoretical top limit for exemplary damages, a court should realistically view a Plaintiff's demand therefor. *Petroleum Transit Co. v. Copeland*, 240 F.Supp. 585 (E.D.S.C.1965). This court is not completely satisfied that Plaintiff plead the requisite allegations for allowance of exemplary damages under Texas law, and he may not be entitled to them. Even if Plaintiff has properly plead for exemplary damages, this court feels that a four and one-half to one ration of exemplary damages over compensatory damages would be necessary to exceed the threshold jurisdictional amount and would not be reasonable under the circumstances. *See, e. g., Ward v. Shriro Corp.*, 579 S.W.2d 257 (Tex.Civ.App.—Dallas 1979, no writ) (nine to one ratio exemplary damages over compensatory damages for converted property reduced to two to one); *Adam v. Harris*, 564 S.W.2d 152 (Tex.Civ.App.—Houston [14th Dist.] 1978, writ ref'd n. r. e.) (three and one-half to one exemplary over compensatory allowed); *Brosofke v. Gregory*, 463 S.W.2d 48 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ) (three and one-half to one exemplary over compensatory reduced to one and one-half to one); *Home Furniture Co. v. Hawkins*, 84 S.W.2d 830 (Tex.Civ.App.—Dallas 1935, writ dism'd) (four to one exemplary over compensatory allowed). *Cf., Southwestern Investment Co. v. Neeley*, 455 S.W.2d 785 (Tex.Civ.App. —Fort Worth 1970, writ dism'd) (remittiturs of both exemplary and compensatory damages resulted in sixteen to one ratio as

opposed to original four and one-half to one ratio exemplary over compensatory).

This court thus finds that the amount in controversy in this case falls short of the threshold jurisdictional limit in that Plaintiff would not be entitled to a combined award of both exemplary and compensatory damages in excess of $10,000.00. Plaintiff having failed to meet his burden, this court is convinced to a legal certainty that the evidence in this case would not permit this court to sustain a verdict for Plaintiff in the amount of $10,000.00 or more. This case is therefore DISMISSED and the controversy accordingly should be presented to the appropriate state court.