Thomas M. STANLEY, Plaintiff,

v.

Margaret HECKLER, Secretary of Health and Human Services, Defendant.

No. CV–84–215–GF.

United States District Court, D. Montana, Great Falls Division.

March 18, 1985.

Barry T. Olson, Great Falls, Mont., for plaintiff.

George Darragh, Jr., Asst. U.S. Atty., Great Falls, Mont., for defendant.

## MEMORANDUM AND ORDER

HATFIELD, District Judge.

This action is before the court on motion of the plaintiff, Thomas M. Stanley, requesting the court to enter judgment by default against the defendant, the Secre-

tary of Health and Human Services ("Secretary"), pursuant to Rule 55(e), Federal Rules of Civil Procedure.

## PROCEDURAL HISTORY

On January 23, 1985, the Secretary's default was entered in this matter pursuant to Rule 55(a), Fed.R.Civ.P. The Secretary's default was appropriately entered after she failed, for the second time, to file a timely answer to Mr. Stanley's complaint for judicial review, under 42 U.S.C. § 405(g), of the Secretary's decision denying Stanley's claim for Disability Income Benefits and Supplemental Security Income under the Social Security Act. Substantially contemporaneous with the entry of her default, the Secretary moved to dismiss Mr. Stanley's complaint upon jurisdictional grounds; a motion which the court denied for lack of merit.

On January 28, 1985, the Secretary filed a motion requesting the court to set aside the default and grant the Secretary leave to file her answer.[1] The only basis advanced by the Secretary in support of that motion was her assertion that the filing of the motion to dismiss somehow entitles her to relief from the default.

On February 28, 1985, a hearing was held before the court, at which time the plaintiff was allowed the opportunity to present evidence sufficient to establish his claim for relief, and the Secretary the opportunity to rebut the same. At the time of the hearing, the Secretary renewed her request for relief from the default, and asked the court to allow the administrative record to be filed.

## DISCUSSION

### Relief from Default

 Under Rule 55(c), Fed.R.Civ.P., the court can set aside an entry of default for "good cause." Cognizant of the fact that default judgments are not favored in the law, see, Schwab v. Bullock's Inc., 508 F.2d 353 (9th Cir.1974), the court is, nonetheless,

---

1. Although the Secretary's motion was based upon Rule 55(c) in conjunction with Rule 60(b), no judgment had been entered as of January 28, 1985. Accordingly, the motion was simply a motion requesting the court to set aside the Secretary's default pursuant to Rule 55(c), Fed. R.Civ.P.

compelled to deny the Secretary's request for relief.

■ A default should not be set aside when the reasons urged for doing so are insufficient to warrant that relief. *See e.g., Dolphin Plumbing Co. of Florida, Inc. v. Financial Corp. of North America*, 508 F.2d 1326 (5th Cir.1975). The Secretary has not offered, let alone established, any reason why she failed to file a timely answer. The Secretary simply submits that the filing of an untimely motion to dismiss entitles her to relief from the default entered against her. The filing of an untimely motion to dismiss, however, does not constitute "good cause," sufficient to relieve a party from the entry of default, even under the relaxed standard of Rule 55(c), Fed.R.Civ.P.

The Secretary moves in virtually every action for judicial review under 42 U.S.C. § 405(g) for an extension of time to file an answer upon the ground that additional time is needed to prepare the transcript of the administrative hearing. In fact, multiple requests for additional time are made in nearly every case. The default of the Secretary has been entered in numerous prior cases before this court. Whenever the default is entered, however, the Secretary immediately files an answer and the administrative record, beseeching the court to set aside her default. To this point, the court has exercised its discretion in a lenient manner, but has never received an explanation for the inordinate delay associated with the preparation of the administrative transcripts in these matters.

The transcript of the administrative hearing in the present action is less than 20 pages in length. Surely, the 120 days granted the Secretary to file an answer was adequate time to prepare that transcript. The Secretary has not offered any fact which would warrant a conclusion to the contrary.

■ The court is acutely aware of both the Secretary's heavy workload, and the fact that the federal courts are prohibited from interfering with the administrative process. Where a final decision has been rendered by the Secretary and a complaint for judicial review filed, however, the individual claimant is entitled to a timely judicial review. Unwarranted and unexplained delays will not be condoned by this court, where the ultimate decision in such cases is of paramount importance to the individual claimant, disability benefits represent perhaps the only source of income to a deserving claimant.

*Default Judgment*

Rule 55(e), Fed.R.Civ.P. provides:

No judgment shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.

Consistent with the proscription of Rule 55(e), the court, in the matter *sub judice*, held an evidentiary hearing with respect to Mr. Stanley's claim. Mr. Stanley presented evidence which established to the satisfaction of the court that he is "disabled" within the meaning of the Social Security Act, and entitled to the benefits claimed in his complaint. Accordingly, the court finds it appropriate, on the basis of the evidence presented, to enter judgment by default in favor of Mr. Stanley.

The Secretary submits that the court may not enter default judgment against her without considering the administrative record. The Secretary contends that federal courts are precluded, by Rule 55(e) in conjunction with 42 U.S.C. § 405(g) and (h), from granting relief to a Social Security claimant, even where the Secretary is in default under Rule 55(a), unless the claimant establishes that the Secretary's final decision is not supported by substantial evidence.

Several circuit courts have struggled to develop a logical analysis of the interrelationship between Rule 55(e) and the standard of review established by 42 U.S.C. § 405(g), and reach a conclusion as to whether a district court is without authority in cases under the Social Security Act, to affirm, modify or reverse a decision of the

Secretary, even in the context of a default by the Secretary, without considering the administrative record. *See, Alameda v. Sec. of Health, Educ. and Welfare*, 622 F.2d 1044 (1st Cir.1980); *Williams v. Califano*, 593 F.2d 282 (7th Cir.1979); *Poe v. Matthews*, 572 F.2d 137 (6th Cir.1978); *Carroll v. Sec. of Health, Educ. and Welfare*, 470 F.2d 252 (5th Cir.1972). Even a cursory review of those decisions reveals that the courts are not in complete accord as to the quantum of evidence required by Rule 55(e) in an action for judicial review under 42 U.S.C. § 405(g). In fact, the decisions range from an insistence that the district court is limited, in default situations, to determining whether the record provides substantial evidence to support the Secretary's decision, *see, Williams v. Califano*, 503 F.2d at 284–85, to a determination that a "relaxed" degree of analysis of the administrative record may be employed by the district court. *See, Alameda v. Sec. of Health, Educ. and Welfare*, 622 F.2d at 1046–47.

The precise issue regarding the interrelationship between Rule 55(e) and 42 U.S.C. § 405(g) has not been resolved in this Circuit. Nonetheless, this court believes that the dicta espoused by the Ninth Circuit Court in *Giampaoli v. Califano*, 628 F.2d 1190 (9th Cir.1980), is dispositive of the Secretary's argument. Although *Giampaoli* was postured for disposition by way of Rule 37(b)(2)(C), Fed.R.Civ.P., the court's analysis and interpretation of Rule 55(e) provides clear guidance in resolving the issue presented in the case at bar.

In *Giampaoli*, the Court stated:

Finally, we reiterate that Rule 55(e) should be interpreted narrowly. It puts the government in a privileged position above all other litigants. If this privilege is interpreted too broadly, the government obtains an undue advantage, which enhances its strategic position and upsets the overriding policy that civil litigants receive equal treatment. HEW has repeatedly sought to use this advantage against poor and disabled persons who are overmatched by the agency's vast resources, and who already suffer because of the 'glacial pace' at which HEW conducts its administrative disability proceedings. (citations omitted)

628 F.2d at 1195.

If the court were to accept the proposition advocated by the Secretary and followed by the Seventh Circuit, in *Williams, supra*, it would be interpreting Rule 55(e) broadly, in direct contravention of the rationale espoused in *Giampaoli*. Simply stated, the interpretation of Rule 55(e) advanced by the Secretary would have the effect of rendering Rule 55(e) a nullity in actions for judicial review under 42 U.S.C. § 405(g). A claimant would be placed at the grace of the Secretary in having his claim reviewed. A result which could not have been intended by Congress in enacting 42 U.S.C. § 405(g) and a result which this court will not serve to foster.

## SUBSTANTIAL EVIDENCE

The court is firmly convinced that default judgment in this matter is appropriately entered on the basis of the evidence presented by Mr. Stanley at the evidentiary hearing held before this court. Nonetheless, in an effort to expedite the receipt of benefits to an obviously meritorious claimant should the rationale of this court be ultimately rejected by the Circuit Court, the court has reviewed the administrative record to determine whether the Secretary's final decision is supported by substantial evidence. The review conducted reveals that the final decision of the Secretary to the effect that Mr. Stanley is not "disabled" within the meaning of the Social Security Act is not supported by substantial evidence.

The record in this matter speaks for itself. Mr. Stanley's exertional limitations aside, the record developed by the Administrative Law Judge clearly establishes that Mr. Stanley suffers from the non-exertional limitation of severe pain. The Administrative Law Judge found Mr. Stanley's subjective complaints of pain to be *fully* credible and clearly corroborated by the medical evidence of record. Considering Mr. Stanley's exertional limitations in conjunction

with the non-exertional limitations of pain, the Administrative Law Judge concluded that Mr. Stanley was disabled and entitled to benefits under the Social Security Act.

The decision of the Appeals Council is devoid of any discussion or evaluation of Mr. Stanley's non-exertional limitation of pain. It is indeed incredible, but not surprising, that the Appeals Council would reverse a decision in which the pain experienced by the claimant was such an important factor in the Administrative Law Judge's decision, when no evidence exists in the record whatsoever to rebut Mr. Stanley's subjective complaints of pain.

■ The Secretary can disregard a claimant's self-serving statements such as allegations of pain, but only when they are unsupported by objective findings. *Maounis v. Heckler*, 738 F.2d 1032, 1034 (9th Cir.1984). This circuit has accepted the "validity of the proposition that subjective symptoms of pain are a significant factor to be weighed in determining whether there exists 'disability' as defined in the Act." *Mark v. Celebrezze*, 348 F.2d 289, 292 (9th Cir.1965).

■ Here, there are both subjective complaints of pain and objective clinical evidence of pain, but the Appeals Council nevertheless rejected both. Although it is within the power of the Secretary to make findings concerning the credibility of witnesses and to weigh conflicting evidence, *Rhodes v. Schweiker*, 660 F.2d 722, 724 (9th Cir.1981), she cannot reach a conclusion first, and then attempt to justify it by ignoring competent evidence in the record that suggests an opposite result. *Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

CONCLUSION

Judgment by default must be entered in favor of the claimant, Mr. Stanley, and against the Secretary pursuant to Rule 59(e), Fed.R.Civ.P., Mr. Stanley having established the merit of his claim by evidence satisfactory to this court.

In addition, review of the administrative record reveals that the Secretary did not meet her burden of proving that Mr. Stanley was capable of performing light sedentary forms of gainful employment. Consequently, the court finds the Secretary's decision that Mr. Stanley is not disabled is not supported by substantial evidence.

For the reasons set forth herein,

IT IS HEREBY ORDERED that the decision of the Secretary is REVERSED. The Secretary shall forthwith provide Mr. Stanley benefits under the Social Security Act in accordance with the decision of the Administrative Law Judge entered in this matter on October 28, 1983.

The Clerk is directed to enter JUDGMENT accordingly.