**EXPRESS AIR, INC., Plaintiff,**

v.

**GENERAL AVIATION SERVICES, INC.; Flight Line, Inc., Defendants.**

**Civ. A. No. J91–0737(W)(C).**

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 2, 1992.

B. Blake Teller, Jackson, Miss., for plaintiff.

Stephen Rosenblatt, Jackson, Miss., for defendants.

### ORDER DENYING MOTION TO VACATE DEFAULT JUDGMENT

WINGATE, District Judge.

Before the court is the motion of the defendants in the above styled and numbered cause to set aside the default judgment entered by this court on January 16, 1992 in accordance with Rules 55(c) and 60(b) of the Federal Rules of Civil Proce-dure.[1] This matter involves a dispute over payment due for flying services rendered by the plaintiff, Express Air, Inc., to Flight Line, Inc. and General Aviation. Plaintiff claims to have rendered flying (air freight) services for a sum of $2,900.00 per week to the defendants. Plaintiff says that services were rendered for 5 weeks between March 4, 1991 and April 5, 1991 and that no payment has been made for that time period, notwithstanding the representations of the defendants that payment was forthcoming. Defendants say payment was not made because the amount of the bill is disputed. Plaintiff filed this lawsuit to recover the amount due in December of 1991. Defendants failed to respond in accordance with Rule 12(a) of the Federal Rules of Civil Procedure[2] and plaintiff obtained a default judgment. Defendants are now before the court with a motion to set aside the plaintiff's default judgment.

Defendants offer various excuses for their failure to answer plaintiff's complaint, namely, (1) Dennis Miller was out of town on vacation when the registered agent was served with process; (2) Miller thought he and plaintiff were working things out; (3) Miller told plaintiff he was represented by the Butler, Snow firm so the law firm should have been notified; (4) General Aviation is not a party to the contract with Express Air. Instead, only Flight Line, Inc., an entity wholly owned by General Aviation and Dennis Miller, is a party to the Express Air contract; and (5) plaintiff did not give notice of obtaining the default judgment. Plaintiff challenges the legal sufficiency of these grounds, arguing that the defendants were aware that a suit

1. Rule 55(c) provides as follows:

    **Setting Aside Default.** For good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b).

    Rule 60(b) of the Federal Rules of Civil Procedure states in pertinent parts:

    **(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.** On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud ...; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason justifying relief from the operation of the judgment.

2. Rule 12(a) of the Federal Rules of Civil Procedure provides in pertinent part:

    **(a) When Presented.** A defendant shall serve an answer within 20 days after service of the summons and complaint upon that defendant ...

would be filed at least one week before the complaint was filed and that defendant's failure to respond as required by Rule 12(a) of the Federal Rules of Civil Procedure was due to carelessness and indifference.

■ The court finds that defendant's excuses lack the requisite muscle to overturn the default judgment previously entered. In this court's view, none of the offered reasons satisfies Rule 60(b). Where the movant seeks to set aside a judgment for mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1), there are three factors generally looked to by the courts: (1), the extent of prejudice to the plaintiff; (2), the merits of the defendant's asserted defense; and (3), the culpability of the defendant's conduct. *Hibernia National Bank v. Administracion Central Sociedad Anonima,* 776 F.2d 1277, 1279–80 (5th Cir.1985). Guided by these three factors, the Fifth Circuit has granted relief under Rule 60(b) where there were highly extraordinary circumstances justifying the relief, *Federal Deposit Insurance Corporation v. Yancy Camp Development,* 889 F.2d 647 (5th Cir.1989); where there were statutory and common law protections afforded the movant, *Federal Deposit Corporation v. Castle,* 781 F.2d 1101 (5th Cir. 1986); where, in a case involving real property, default was obtained before the movant for 60(b) relief received notice of foreclosure, *United States v. One Parcel of Real Property,* 763 F.2d 181 (5th Cir.1985); where an insurance company undertook to defend, but failed to answer timely the plaintiff's complaint, *Azzopardi v. Ocean Drilling and Exploration Company,* 742 F.2d 890 (5th Cir.1984); where the default judgment was taken after the movant had obtained a discharge in bankruptcy and it was clear that the indebtedness in question would have been discharged had it been presented in bankruptcy proceedings, *Menier v. United States,* 405 F.2d 245 (5th Cir.1968); where the party obtaining default ignored another state court's injunction in doing so, *Schauss v. Metals Deposi-*

*tory Corporation,* 757 F.2d 649 (5th Cir. 1985).

Contrariwise, the Fifth Circuit has denied relief under Rule 60(b) in circumstances where the movant had failed to respond to a motion for summary judgment, *Smith v. Alumax Extrusions, Inc.,* 868 F.2d 1469 (5th Cir.1989); where the movant had failed to answer the plaintiff's complaint or seek an enlargement of time, *Federal Savings and Loan Insurance Corporation v. Kroenke,* 858 F.2d 1067 (5th Cir.1988); where the movant had failed to take precautions or set up internal safeguards in the movant's course of business so as to avoid having defaults taken against it, *Davis v. Safeway Stores,* 532 F.2d 489 (5th Cir.1976), and *Baez v. S.S. Kresge Company,* 518 F.2d 349 (5th Cir.1975); where the movant had failed to perfect its assignment prior to default being taken, *United States v. $22,640.00 In United States Currency,* 615 F.2d 356 (5th Cir.1980); where the movant had failed to make an adequate showing of reasons in support of the claim of excusable neglect, *Dolphin Plumbing Company of Florida, Inc. v. The Financial Corporation of North America,* 508 F.2d 1326 (5th Cir.1975).

The Fifth Circuit also has refused to accept other excuses such as "abandonment by counsel", *Crutcher v. Aetna Life Insurance Company,* 746 F.2d 1076 (5th Cir.1984), the fact that a litigant was personally uninformed as the state of the matters before the court, *Smith v. Alumax Extrusions, supra,* and reliance on vague understandings with parties or counsel opposite, *FSLIC v. Kroenke, supra.*

■ Ordinarily, the above discussion would conclude this matter; however, defendants contend that this court never had subject matter jurisdiction because the matter in controversy does not exceed the sum or value of $50,000.00, exclusive of interest or costs, as required by Title 28 U.S.C. § 1332.[3] Specifically, the defendants contend that plaintiff's claim for con-

---

**3.** Title 28 U.S.C. § 1332(a) provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the mat-

ter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

tractual damages amounts only to $17,607, while plaintiff's punitive damages claim fails to allege that kind of egregious conduct which would justify an award of punitive damages.[4] Plaintiff's complaint asserts that misrepresentations were made by Dennis Miller, president of General Aviation, Inc., and Ken Clements, as agents for Flight Line, Inc., thereby enabling Flight Line to avoid paying money due and owing to the plaintiff while at the same time inducing the plaintiff to continue providing services to Flight Line. This conduct, says plaintiff, breached the parties' contract and constituted wrongful, abusive, intentional and grossly negligent behavior which disregarded the plaintiff's right to receive payment for its services.

Usually, the amount in controversy is determined from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in good faith. *See Sims v. Lumbermens Mutual Casualty Company,* 789 F.Supp. 781 (S.D.Miss.1992), citing *Horton v. Liberty Mutual Insurance Company,* 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890, *reh. denied,* 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70 (1961), and *St. Paul Mercury Indemnity Company v. Red Cab Company,* 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938). A plaintiff's allegation that the matter in controversy exceeds the jurisdictional amount requirement is sufficient to meet the amount in controversy test unless challenged. *Gibbs v. Buck,* 307 U.S. 66, 72, 59 S.Ct. 725, 729, 83 L.Ed. 1111 (1939); *Dassinger v. South Central Bell Telephone Company,* 505 F.2d 672 (5th Cir.1974) (dictum); *Hupp v. Port Brownsville Shipyard, Inc.,* 515 F.Supp. 546, 548 (S.D.Tex.1981). It is generally accepted that the amount claimed by the plaintiff is controlling for the purpose of determining jurisdictional amount, if the claim is made in good faith, unless it is established "to a

legal certainty" that the plaintiff's claim is for less than the jurisdictional amount. *Allstate Insurance Company v. Hilbun,* 692 F.Supp. 698 (S.D.Miss.1988), citing *Payne v. State Farm Mutual Automobile Insurance Company,* 266 F.2d 63 (5th Cir. 1959).

Defendants in the case *sub judice* submit that it can be shown to a legal certainty that the plaintiff's claim is for less than the required jurisdictional amount because, according to defendants, there is no basis for the plaintiff's punitive damages claim. In diversity cases the court must look to the law of the forum state to determine the nature and extent of the right to be enforced. *Horton v. Liberty Mutual Insurance Company,* 367 U.S. 348, 352–53, 81 S.Ct. 1570, 1573, 6 L.Ed.2d 890, *reh. denied,* 368 U.S. 870, 82 S.Ct. 24, 7 L.Ed.2d 70 (1961); *Duderwicz v. Sweetwater Savings Association,* 595 F.2d 1008 (5th Cir.1979). This includes applying the forum state's rules regarding the nature of damages and the availability of exemplary damages. *Vance v. W.A. Vandercook Company (No. 2),* 170 U.S. 468, 18 S.Ct. 645, 42 L.Ed. 1111 (1898); *Hupp v. Port Brownsville Shipyard, Inc.,* 515 F.Supp. 546, 548 (S.D.Tex.1981).[5]

In the case *sub judice* the plaintiff's claim for exemplary damages is based upon Mississippi's recognition of a claim for punitive damages for breach of a contract when that breach is attended by conduct which constitutes an independent tort. *See Blue Cross & Blue Shield of Mississippi v. Maas,* 516 So.2d 495 (Miss.1987); *South Central Bell v. Epps,* 509 So.2d 886, 892 (Miss.1987). The plaintiff's complaint asserts breach of contract attended by the defendants' promises that payment was forthcoming when defendants had no intention of paying the plaintiff for its services. Virtually all jurisdictions, including Mississippi, recognize tort liability where a speak-

---

**4.** Plaintiff's claim for actual damages is just over $17,600.00; plaintiff's complaint also claims punitive damages in the amount of $1,000,000.00 for tortious breach of contract.

**5.** Exemplary damages, if permitted under the governing law, can be included in determining

whether the amount in controversy has been met. *Bell v. Preferred Life Assurance Society,* 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15 (1943); 14A Wright & Miller, *Federal Practice and Procedure* § 3702 pp. 44–45.

er misstates a present intention or makes a promise without the intent to perform it. *Walker v. U-Haul Company of Mississippi*, 734 F.2d 1068, 1076 (5th Cir.1984), citing *McArthur v. Fillingame*, 184 Miss. 869, 186 So. 828 (1939), and *Mississippi Power Company v. Bennett*, 173 Miss. 109, 161 So. 301 (1935).

Therefore, the court finds that the plaintiff's complaint alleges conduct which could justify a punitive damages award under Mississippi law. Accordingly, the motion of the defendants to set aside the default judgment is hereby denied.

SO ORDERED.