**E-C RENTAL SERVICES, Plaintiff**

**v.**

**JOE PEDRO dba T.J. PEDRO CONSTRUCTION, Defendant**

High Court of American Samoa
Trial Division

CA No. 49-92

May 10, 1994

Before RICHMOND, Associate Justice, TAUANU`U, Chief Associate Judge, and AFUOLA, Associate Judge.

Counsel:     For Plaintiff, Roy J.D. Hall, Jr.

For Defendant, Marshall Ashley

Order Denying Motion for Reconsideration of Default Judgment:

This case began on May 12, 1992, when plaintiff E-C Rental Service ("E-C Rental") filed a complaint alleging that Joe Pedro ("Pedro") owed E-C Rental $7,082.50 in rental fees. Pedro was served with this summons and complaint on June 9, 1992. When Pedro had still not responded by November 12, 1993, E-C Rental requested an entry of default, pursuant to T.C.R.C.P. Rule 55(a). Default was entered by the clerk of courts on November 12, 1993. E-C Rental then moved for a default judgment.

After three unsuccessful attempts to hold a hearing, the fourth scheduled hearing took place on March 17, 1994. Although E-C Rental was represented by counsel, Pedro did not appear at the hearing either personally or by counsel. Pedro did send an `emissary' in his stead, but this representation was not recognized by the court. After E-C Rental presented its case, witness testimony and receipts, the court granted the motion for a default judgment in the principal sum of $7,082.50, together with reasonable attorney's fees, court costs, and prejudgment and post-judgment interest. This judgment was entered on March 25, 1994, and only then did Pedro make his first appearance.

On March 28, 1994, Pedro, through counsel, filed a motion for reconsideration of the default judgment, along with an affidavit purporting to explain why he had ignored the case for almost two years. This motion for reconsideration of the default judgment came regularly for hearing on April 26, 1994. For the reasons detailed below, we deny defendant's motion.

■ Although not referenced by the defendant, a judgment of default may be set aside in accordance with T.C.R.C.P. Rule 60(b). This rule, whose language tracks its federal counterpart, reads in pertinent part:

> (b) On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), . . . not more than one year after the judgment . . . was taken. A motion under this subdivision (b) does not affect the

66

finality of a judgment or suspend its operation . . . .[1]

The standards for relief when a judgment of default has been entered are substantially higher than when an entry of judgment stands alone. *Phillips v. Weiner*, 103 F.R.D. 177, 179 (D. Maine 1984). "[A] judgment by default may be set aside using the more restrictive provisions of Rule 60(b) for final judgments." *Federal Deposit Ins. Corp. v. Francisco Inv. Corp.*, 873 F.2d 474, 478 (1st Cir. 1989) (italics omitted).

■ While the court must be slow in granting default judgments, mindful of our partiality for trial on the merits, we must also balance this concern with finality of judgments and protection of the judicial process. "Although we are mindful of the strong policy in favor of trial on the merits, we are equally aware of the district court's duty to protect the integrity of the judicial process." *Dolphin Plumbing Co. of Fla. v. Financial Corp. of N.A.*, 508 F.2d 1326, 1327 (5th Cir. 1975). "In its efforts to alleviate the tension that occasionally arises among the principles of promoting efficient, effective litigation by demanding that litigants conduct their cases reasonably, favoring disposition of cases by trial on the merits, and according full justice to all parties, a court must take care to order default only when it is appropriate and absolutely necessary, but then, consequently, only vacate its decision under Rule 60(b) when the evidence so requires." *Inryco, Inc. v. Metropolitan Engineering Co., Inc.*, 708 F.2d 1225, 1230 (7th Cir. 1983), *cert den'd* 78 L. Ed.2d 313, 464 U.S. 937 (1983).

■ "Default judgments are not favored . . . . This may be why a court must hold a hearing on damages before entering a judgment on an unliquidated claim even against a defendant who has been totally unresponsive." *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980). In general, however, a litigant must make a strong showing to demonstrate that he or she is entitled to relief from a default judgment under T.C.R.C.P. 60(b). "Rule 60(b) relief from a default judgment is an extraordinary remedy and is granted only under exceptional circumstances." *United States v. $48,595*, 705 F.2d 909, 912 (7th Cir. 1983). "[T.C.R.C.P. Rule 60(b)] allows relief from final judgments under certain extraordinary circumstances." *Saufo`i v. American Samoa*

---

[1] Although Pedro did not explicitly state under what parts of T.C.R.C.P. Rule 60(b) he was seeking relief, his motion and accompanying affidavit, as well as testimony at the hearing, gave no indication that this motion could fall under the other enumerated reasons for relief in the rule. These reasons include newly discovered evidence, fraud, or a void or satisfied judgment.

*Government*, 16 A.S.R.2d 71, 73 (1990).

■ Additionally, once granted, a default judgment is accorded a high degree of deference, both in the federal courts and in American Samoa. "[I]t should be noted that the granting or denial of such motions [under Rules 55(c) and 60(b)] is left largely to the discretion of the district court." *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975). "The decision whether to set aside a default judgment is left to the sound discretion of the trial judge . . . ." *Dolphin Plumbing Co.* at 1327. "The decision on a rule 60(b) motion is left to the broad discretion of the trial court." *Inryco, Inc.* at 1230.

■ "[T.C.R.C.P. Rule] 60(b) empowers the Court to relieve a party, other than the party in whose favor judgment is rendered, or his legal representative from a final judgment for any of six enumerated reasons. The rule uses the word "may" and thus granting motions under the rule is subject to the Court's sound discretion." *Taulaga v. Patea*, 12 A.S.R.2d 64, 65 (1989). "[S]uch relief [from a judgment under Rule 60(b)] is discretionary and a denial of a Rule 60(b) motion should only be reversed if the trial court has abused its discretion." *Amerika Samoa Bank v. Haleck*, 6 A.S.R.2d 56, 57 (1987). *See also Tolliver v. Northrop Corp.*, 786 F.2d 316 (7th Cir. 1986).

With these principles firmly in mind, we turn to the case before us. Pedro has never alleged that he was unaware of the case against him, or that he was given insufficient opportunity to respond. For 22 months he simply ignored this case. Although Pedro states that he resided, for a time, in the U.S. mainland, this contention, which we accept as true for the purposes of this motion, does not adequately address the issue. Aside from the obvious problem of Pedro's neglect to inform the court of when and for how long he was absent from the territory, his absence does not in any way address his failure to have an answer filed in his behalf, or to ensure representation before the court. Furthermore, Pedro alleges that due to time and money constraints he was previously unable to contact the court, or to procure counsel. Striving to give Pedro every benefit of the doubt, this still does not address several key factors. While defendant may have had other matters pressing, this does not touch on his inability to ask the court for a continuance. Nor does his inability to hire counsel address his failure to, at the least, send a note from his employer indicating that he was not allowed to attend the hearing on March 17, 1994.

■ The difficulties with Pedro's showing, however, do not end here. Even if we were to somehow forgive this egregious delay, and we do not,

Pedro has hardly indicated that he would be able to forward a meritorious defense on the issues. It is important, when seeking to overturn a final judgment, that the applicant "[d]emonstrate that he had a meritorious defense . . . ." *United States v. $48,595* at 912. "Traditionally, we have held that relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence . . . and tenders a meritorious defense." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Although Pedro alludes to "records and invoices" which would disprove E-C Rental's case, there has been no particularity regarding this proof. While E-C Rental adequately explained the invoices submitted, Pedro has not indicated how he would refute this evidence. In addition, Pedro's counsel, present at the hearing on April 26, 1994, indicated that he has not even seen these records and/or invoices and therefore could not explain what they might show. *See Dolphin Plumbing Co.* at 1327.

We also take note of E-C Rental's position. E-C Rental has now waited almost two years for this case to progress. It has submitted documentation and appeared at the various hearings held. While its position must not overshadow Pedro's legitimate interests, we must acknowledge the unfairness that endless delay creates upon the other party.

In sum, Pedro has not made a sufficient, threshold showing necessary for this court to overturn a final judgment under T.C.R.C.P. Rule 60(b). There has been no solid showing sufficient under either Rule 60(b)(1) or (b)(6), and the motion submitted by Pedro was fatally imprecise. In the interests of finality, the judicial system, and fairness to all parties, we therefore cannot grant this motion.

With all this in mind, we decline to overturn the default judgment. The motion for reconsideration is denied.

It is so ordered.